SINGLETON *vs.* HOLMES *et al.*, commissioners.

Where one refused to work the public roads, after being duly notified so to do, and on failing to give any excuse therefor, he was fined by the road commissioners, and in default of payment thereof, was imprisoned, such imprisonment was under a lawful warrant, and there was no error in refusing to discharge the prisoner, under a writ of *habeas corpus*.

April 3, 1883.

Roads and Bridges. County Matters. *Habeas Corpus.* Before Judge STEWART. Spalding Superior Court. August Term, 1882.

Reported in the decision.

HENRY WALKER, by brief, for plaintiff in error.

E. WOMACK, solicitor general, for the defendants.

CRAWFORD, Justice.

The plaintiff in error, having been duly summoned to work on the public road in the 540th district of Pike county, failed and refused to comply with the said summons, as required by law. He was then duly notified to appear before the road commissioners and render his excuse, if any he had, why he did not obey the summons to work on the said public road. This notice he also refused to obey. The commissioners, thereupon, issued their warrant for his arrest, as authorized by the act of 1865-6. and had him brought before them, to be dealt with as the law directs. After hearing the evidence in the case, they ordered and adjudged that he pay a fine of three dollars and fifty-five cents, or in default thereof, that he be imprisoned for the space of eight days. Having failed to pay, he was imprisoned.

He sued out a writ of *habeas corpus*, alleging that he was illegally detained, because the warrant of the road commissioners had been issued and executed upon him unsupported by affidavit.

Upon the hearing of the writ of *habeas corpus*, the judge refused to discharge the prisoner, because he had been imprisoned under lawful process, and remanded him to the custody of the officer. This ruling is assigned as error. Seeing no error, and none being shown, the judgment is affirmed. Code, §§619, 627.

Judgment affirmed.