FAIN v. CRAWFORD.

1. A plea to the jurisdiction of a court must show that there is another court in this State which has jurisdiction of the case. Hence a plea to a suit in a justice's court for the 1026th district G. M. in Fulton county, which alleges that at the commencement of said suit he (defendant) was a resident of DeKalb county, Georgia, and resides there now, and has so resided for the past year, that said court has no jurisdiction of the person of the defendant, and that a suit against the defendant by the same plaintiff and on the same subject-matter is pending in the court of defendant's residence, does not show what court in DeKalb county has legal jurisdiction of the case. The fact that a suit against him by the same plaintiff and on the same subject-matter was pending in the court of the defendant's residence was irrelevant, and was not a sufficient designation of the court having jurisdiction of the case.

2. Where a person leaves one county with his family for the purpose of visiting his relatives in another county, with no intention of removing his domicile from the former county, and during his absence his home is destroyed by fire, and in consequence thereof he prolongs his visit for four weeks, but without any intention to abandon his former residence, the fact of his prolonged visit does not make the county to which he has gone his residence so as to give a justice's court of the latter jurisdiction of his person under section 4134 of the code.                    *Judgment reversed.*

October 14, 1892.

Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1891.

Fain sued Crawford, who pleaded to the jurisdiction as shown by the first head-note. The plaintiff excepted to the refusal of the court to strike this plea on his motion, and to the refusal of a new trial. One of the grounds for new trial was that the court erred in charging the jury thus:

"In order to accomplish such a change of domicile, two things must concur: one is, if a man be a married man he must actually remove his family from a former place of residence to a new one; the other is, that in so moving his family he must entertain a purpose to abandon the former place of residence and to establish a residence, or form such purpose after abandoning his

former place of residence. It would follow from this. that if a man who had a family should go from one county to another for some temporary purpose, with his family (for example to make a visit), this would not affect his domicile. His domicile after such removal as: that would be precisely where it was before the removal." The plaintiff contended that the law contemplates that a man may have a temporary place of residence where process of the courts may reach him; that while the evidence showed the defendant left his former home in DeKalb county on a visit to see relatives, with the intention of returning very soon to his home, after he left his residence with all of his household furniture was destroyed by fire, and for that reason he could not and never did return to live at his former home; and that after the destruction of his house he had no longer a home in DeKalb county, but his home, from that time on, was the place where he actually lived, regardless of intent or wishes.

SIMMONS & CORRIGAN, for plaintiff.

R. J. JORDAN, for defendant.