### FERRIS & SON *v.* VAN INGEN & COMPANY.

LITTLE, J.  1.  Where a plaintiff instituted an action in a city court against an alleged partnership, the members of which were alleged to be a named person in his individual capacity, this same person as surviving partner of a late partnership composed of himself and another who had since died (such former partnership having the same name as that sued by the plaintiff), this same person as executor of his deceased partner, and as testamentary guardian of a minor under the last will of such partner, and still another person as executrix of the deceased partner; and where the persons, thus alleged to be members of the partnership sued, filed pleas averring that the party named as surviving partner had undertaken to carry on the business of the old partnership under a provision in the will of the deceased partner, and set up various and complicated matters of fact which presented valid reasons for defeating, either wholly or partially, the plaintiff's right of recovery, the latter could not lawfully urge as against these pleas that they sought relief which could be administered only in a court having full equity powers.  Having chosen a court of limited jurisdiction in which to bring the action, such plaintiff could not properly be heard to insist that the pleas referred to, even if they did allege equitable matters of defense, were not good, in so far at least as their allegations would bar his right to the relief for which he prayed.  The court erred in striking the defendants' pleas.

2.  If, however, in such a case the pleas averred facts not only constituting defenses good in law, but also defenses peculiarly and properly within the jurisdiction of a court of equity, it would be the better practice for the defendants to file an equitable petition fully setting forth all the matters,.

both legal and equitable, upon which their several defenses were predicated, and pray therein that the action at law be enjoined, and that all the rights and equities of the parties be finally adjusted and disposed of in the superior court, which, by reason of its equitable powers, could and would administer full relief to all concerned in the litigation.

*Judgment reversed. All the Justices concurring.*

Argued January 21, 22, — Decided March 3, 1898.

Complaint. Before Judge Eve. City court of Richmond county. May term, 1897.

Ferris & Son, a firm composed of Charles H. Ferris surviving partner of the late firm of Ferris & Son, Charles H. Ferris as executor and testamentary guardian under the will of John C. Ferris deceased, and Elizabeth Ferris as executrix under said will, were sued by E. H. Van Ingen & Company for an amount alleged to be due upon promissory notes of Ferris & Son, dated September 17, 1894, and for insurance upon certain realty, a deed to which, it was alleged, was, on October 17, 1894, executed by defendants to the plaintiffs as security for the debt. The petition prayed also for a judgment against the real estate described. The defendants filed a plea, duly verified, the nature of which does not appear from the record, and filed an amendment thereto, which was, in substance, as follows : They deny that plaintiffs have any title to the property under the deed set out in the petition, or that they have any debts against the firm assets of Ferris & Son. After the death of John C. Ferris, plaintiffs had renewed and extended all debts of Ferris & Son and discharged the estate of Ferris & Son. All the debts due by the firm to Van Ingen & Company at the death of John C. Ferris have been paid, and plaintiffs are indebted to defendants as executors in the sum of $15,000, or other large sum, for which they pray judgment against plaintiffs. The debts now existing are the individual debts of Charles H. Ferris, made while acting as surviving partner of Ferris & Son. Said deed conveys only the interest (if any at all, which defendants deny) of Charles H. Ferris individually. Defendants as executors of John C. Ferris say Elizabeth Ferris has never received into her possession any property of John C. Ferris, nor had any voice in the management. All the prop-

35

erty of the estate of Ferris, viz., his share in the assets of Ferris & Son, [went] into the hands of Charles H. Ferris as surviving partner, and was managed by him; and they plead ne unques executor, want of assets in their hands to respond to said suit.   All the assets of Ferris & Son are now in the possession of Mustin, receiver appointed by the superior court, and he is charged with the administration, and not these defendants.

Subsequently the executors, as an amplification of their plea, filed an amendment, in substance, as follows: Plaintiffs are indebted to them as executors of John C. Ferris, for the purpose of administration, $2,839.31 principal, besides interest.   At the time of the death of John C. Ferris, August 15, 1892, the firm of Ferris & Son, composed of John C. Ferris and Charles H. Ferris, was solvent, the net assets of the firm, after allowing for the payment of all debts, being some $5,678.42.   The firm was indebted to plaintiff $6,181.95 on open account.   The death of John C. Ferris dissolved the firm, but Charles H. Ferris, surviving partner, having possession of the assets, continued the business of the firm, being permitted to do so by the will of John C. Ferris.   Upon the death of John C. Ferris the law gave a vested right to year's support to Elizabeth Ferris, his widow, for herself and his minor child, superior to all other claims against his estate; a judgment for which year's support has been rendered against the estate in favor of the widow and her minor child, Frank Ferris, to the extent of $5,000, and payment thereof has been demanded of the defendants.   The permission to carry on the business of Ferris & Son, given by the will of John C. Ferris to Charles H. Ferris, was inferior to the claim of year's support, said claim being a just charge upon the half-interest of John C. Ferris in the surplus or net assets in the hands of the survivor.   In carrying on said business as Ferris & Son, C. H. Ferris became largely indebted to the plaintiffs.   The business carried on by C. H. Ferris under the name of Ferris & Son became practically insolvent in October, 1894.   At this time he attempted to secure plaintiffs for the debt contracted with them since the death of John C. Ferris, by the execution of the deed set out in their petition.   Without

any consideration, this instrument was joined in by the executors of John C. Ferris at the request of Charles H. Ferris. The debt to secure which the deed was given, $10,135, was that of C. H. Ferris, the debt of the firm of Ferris & Son, $6,191.95, having been paid prior thereto. The deed was made to secure a pre-existing debt, no consideration being parted with by the plaintiffs from the death of John C. Ferris to the present time, —the sum of $16,000, and from his death to the making of the deed the sum of $8,000. From the partnership funds had at the death of John C. Ferris all debts of the firm have been paid, except those to Elizabeth Ferris, and mortgage notes to J. M. Harris which are fully secured by a mortgage on real estate. C. H. Ferris has, since the making of the deed on October 17, 1894, illegally and wrongfully paid to the plaintiffs, at their request, some $8,300, being all the debt described in the deed except that now sued for; and in making such payment Charles H. Ferris used up the net surplus of $5,678.42 in the assets of Ferris & Son existing at the death of John C. Ferris in August, 1892, this being done at the request of plaintiffs, who knew that this surplus was liable for the individual debts of John C. Ferris. The money so paid to plaintiffs is needed by these executors in order to make payment of said claims due the widow of John C. Ferris, of prior dignity to that of the plaintiffs. Said $8,300 should have been paid to said claims but was illegally diverted by C. H. Ferris to the plaintiffs, who took it, not as a new consideration, but in payment of said pre-existing debt incurred after the death of John C. Ferris, and with knowledge of the rights of Elizabeth Ferris, and of the fact that C. H. Ferris could not change the order of distribution fixed by law. Wherefore these defendants pray judgment in their favor as executors against the plaintiffs for said sum and interest.

The suit was brought to the January term, 1897, of the city court of Richmond county, and the original plea of the defendants was filed on January 9, during that term. The amendments were filed at the March term, the first being filed on March 20, and the other on March 22, on which day the case was set for trial. Each of the amendments was duly sworn to, and was filed after an order of the court allowing the same. The case

came on for trial at the May term; and thereupon, after a jury
had been selected and sworn and counsel on both sides had an-
nounced ready, counsel for the plaintiffs moved orally to strike
the defendants' pleas, on the grounds, that they were not prop-
erly sworn to; that the court had no jurisdiction to try title to
real estate; that the pleas set up "no partnership" and the
dissolution of the firm of Ferris & Son on the death of John
C. Ferris, and the claim of year's support for the widow; and
that the pleas set up a counter-claim or plea of set-off, and no
bill of particulars is attached showing the nature and charac-
ter of the counter-claim of $2,800.    Defendants objected to this
motion, because it was in reality a special demurrer and should
have been in writing, filed and served at the first term, and
was then too late, and any defect in the plea had been waived
by the non-action of the plaintiffs; that under the rules of the
city court, a special day is set apart for the hearing of all de-
fects in the pleadings of various causes, and such day had
passed since the filing of these pleas, and no demurrer had
been filed thereto or notice of defects received by the defend-
ants; that the amended pleas sought to be stricken had been
allowed by order at the last term; that no exception was made
to these orders and they were res adjudicata; that no title to
land was involved, the denial by defendants of plaintiffs' title
being in response to plaintiffs' own allegation, and if the court
had no jurisdiction to try the issue raised, the plaintiffs' peti-
tion which brought forth defendants' denial should have been
dismissed, rather than defendants' plea in this regard.    Plain-
tiffs put their motion to strike in writing; and the court al-
lowed the pleas of defendants to be verified, stating that at the
time of filing their original answer they did not have knowl-
edge of the new defense set out in the amended answer.    The
court rendered a judgment striking the amendments to the
pleas, "on the ground that the claim set up is not mutual and
can not be set off or counter-claimed, and this court can not
grant any affirmative equitable relief as sought thereby; and
upon the further ground that the defendant for whose benefit
the relief is sought is estopped by her acts, and by waiting un-
til the firm business, which the will permitted, and to which

she as executrix did not object, had become insolvent." Upon the announcement by the court of this decision, counsel for plaintiffs added, as a ground of the motion to strike the pleas, that there was no mutuality in the set-off or claim set up thereby; this amendment being allowed over the objection of defendants that the ground was not relied upon by counsel but was suggested by the court. The bill of exceptions states that "said point was made in the argument, and the section of code read, although not urged as the others in extenso."

After the amendments to the answer were stricken, the defendants, "in order to simplify the record to this court," dismissed their original plea; and after the introduction in evidence of the notes sued on, the security deed, and proof of the account, the court awarded judgment for the plaintiffs for the amount sued for, the judgment being against "Charles H. Ferris, Charles H. Ferris surviving partner of Ferris & Son, Charles H. Ferris executor estate of J. C. Ferris, Elizabeth Ferris, executrix of estate of J. C. Ferris," and against the real estate described in the petition, and reciting that the defendants had filed no issuable plea under oath within the time prescribed by law. Defendants excepted to the striking of the pleas, and to the rendition of a judgment charging the defendants, executors of John C. Ferris, individually, for the sum therein stated, the judgment not being against them de bonis testatoris or quando acciderint; also to the rendition of a judgment having a recital therein that defendants had filed no issuable plea under oath within the time prescribed by law.

The following rules of the city court were set out in the bill of exceptions : "On the fourth Saturday of each term, the court will call the appearance docket, when all cases not demurred to or not answered in conformity to the act of December 15, 1893, shall be marked upon the bench docket as in default. . . Upon the calling of the appearance docket the court will hear and decide all demurrers and objections made to the sufficiency of pleas and answers as required in the said act of December 15, 1893." " Upon the day of the assignment of a case, the counsel shall announce without delay. All cases upon the assignment docket will be in order for trial, unless

continued upon legal showing, or passed for the term by consent of the parties on both sides."

*W. K. Miller, C. H. Cohen* and *J. R. Lamar*, for plaintiffs in error.   *Leonard Phinizy* and *Boykin Wright*, contra.

*Judgment reversed.   All the Justices concurring.*

