Parsons, Appellant, vs. Parsons, Respondent.

*October 12 — November 1, 1898.*

*Adoption of children: Jurisdiction: Notice to parent: Estoppel.*

1. In adoption proceedings under sec. 4022, R. S. 1878, notice to a par-
   ent alleged to have abandoned his child is not necessary to the
   jurisdiction of the county court to determine that question.
2. On the filing of a petition as required by law in proceedings for the
   adoption of a child, the county judge acquires jurisdiction to de-
   termine all questions requisite to a valid judgment of adoption,
   and a determination wrong, or on insufficient evidence or illegal
   evidence, or without any evidence, will not affect the jurisdiction
   to render such judgment.

3. The statute on the subject of the adoption of children should be lib-
erally construed in favor of children.  Parties who institute adop-
tion proceedings and submit to them as valid for a considerable
length of time are estopped by their conduct from changing their
position to the prejudice of the child.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Fond du
Lac county: N. S. GILSON, Circuit Judge.  *Affirmed.*

Henry D. Parsons and *Cynthia A. Parsons,* husband and
wife, on the 7th day of November, 1887, made application
by verified petition, stating the requisite facts, to the county
court of Fond du Lac county, for leave to adopt *La Fayette
Russell Bede,* the minor lawful child of L. F. Bede and Sarah
C. Bede.  The mother of the child was alleged to be dead,
and the father, on information and belief, to have aban-
doned the child, and it was alleged that the child had for
some time been cared for by its grandmother and uncle.
The uncle was alleged to be one of the next of kin, and as
such he signed a written consent to the adoption.  An order
was entered on the petition in due form, establishing the
status of the child as prayed for, and reciting all the facts
requisite thereto, and that the truth of the same appeared
to the satisfaction of the county judge by the verified peti-
tion.  The child was immediately thereafter taken into the
family of the petitioners and resided with them until the
death of his adopted father in 1890, and thereafter with the
adopted mother till he was of age.

Thereafter, on September 9, 1897, the adopted mother,
*Cynthia A. Parsons,* for the purpose of avoiding any right
of the adopted son to claim an interest in the property of
her deceased husband, petitioned the county court for an
order vacating the order of adoption, setting forth among
other things that her consent to the adoption was without
any independent will on the subject, but solely to gratify
her husband; that neither intended by the adoption to give

Parsons vs. Parsons.

the child any rights as heir of his adopted father; that both petitioners were mistaken as to the legal effect of the adoption proceedings; that she did not know when she signed the petition that the allegation therein contained that William S. Russell was one of the child's next of kin was untrue, and that the boy then had, as the fact was, a brother living named Roy Bede who was twenty-one years of age, but that such fact was well known to said Russell who had the custody of the boy and consented to the adoption as next of kin. Such proceedings were had in the county court in relation to the petition that an order was entered dismissing the same, from which the petitioner appealed to the circuit court, where the order was affirmed. This appeal is from the judgment of affirmance.

*Edward S. Bragg*, of counsel, for the appellant, cited *Schiltz v. Roenitz*, 86 Wis. 31; *Appeal of Royston*, 53 id. 612, 618, 620; *Furgeson v. Jones*, 17 Oreg. 204; *Luppie v. Winans*, 37 N. J. Eq. 245; *Winans v. Luppie*, 47 id. 302; *Sewall v. Roberts*, 115 Mass. 262; *Humphrey's Appeal*, 137 id. 84; *Ex parte Clark*, 87 Cal. 638; *Johnson's Estate*, 98 id. 531; *In re Stevens*, 83 id. 322.

For the respondent there was a brief by *Gary & Forward*, and oral argument by *C. A. Forward*. To the point that, notwithstanding the failure to give notice to the father, the proceedings were valid and binding upon the parties thereto, they cited *Schiltz v. Roenitz*, 86 Wis. 31; *Nugent v. Powell*, 4 Wyo. 173; *Brown v. Brown*, 101 Ind. 340, 343; *Sewall v. Roberts*, 115 Mass. 262; *Winans v. Luppie*, 47 N. J. Eq. 302.

MARSHALL, J. This case turns on whether the county court obtained jurisdiction to make the order of adoption. It is challenged solely upon the ground that the consent of the living parent, the father, was not given, and there was no adjudication, on notice to the absent parent, of the fact of abandonment, nor any consent given in place of that of

Parsons vs. Parsons.

the alleged abandoning parent by the next of kin, nor by a guardian or a suitable person appointed by the court. There is no claim but that the petition, in form, complies with the statute. It alleges every fact which the statute requires, was made by the proper persons, and was verified by them. True, it does not appear that notice was given to the father, and, if that were requisite to the jurisdiction of the court to take any steps in the proceedings, the order of adoption was void. On this subject we are furnished with a learned discussion of the statute and a citation of many authorities on both sides of the controversy, in some of which the subject is considered at great length, but if the statute itself furnishes a plain solution of the question we have no need to go elsewhere to support it.

The statute to be considered is sec. 4022, R. S. 1878, which reads as follows: " No such adoption shall be made without the written consent of the living parents of such child, unless the court shall find that one of the parents has abandoned the child, or gone to parts unknown." Thus it will be seen that, upon the fact being established that the living parent has abandoned his child, he is deemed by the statute to have thereby relinquished all parental right to be consulted in respect to the child's welfare, and his consent to the adoption is therefore dispensed with. The term " abandon" obviously means no more than neglect or refusal to perform the natural and legal obligations of care and support which parents owe to their children. The fact of abandonment, judicially determined, was essential to the jurisdiction; not essential that it should be determined on proper evidence, necessarily, or in accordance with the truth, because mere error in that regard does not affect jurisdiction. If jurisdiction be obtained to determine a fact, its determination wrong or on insufficient or improper evidence is immaterial on the question of legal right to proceed judicially to the next step. That is deemed to be elementary. Now, that

the fact of abandonment was judicially determined in this proceeding must be conceded. True, there was no evidence, so far as appears, but the verified petition, and the allegation of abandonment was on information and belief. That was mere hearsay, but that fact goes merely to the sufficiency of proof, which, as stated, may involve error, but not jurisdictional error. A judicial determination may be contrary to conclusive evidence or legal evidence, or without any evidence, yet cannot be impeached for want of jurisdiction. Van Fleet, Collateral Attack, §§ 693, 695. That rule applies to all judicial proceedings. It has often been invoked in proceedings like this. As for example in *Van Matre v. Sankey*, 148 Ill. 536, it was held that if the court has jurisdiction to act at all, however erroneous its action, it must still stand until reversed on appeal.

It follows that the only remaining question on this branch of the case is, Did the court have jurisdiction to act on the subject of the alleged abandonment, in the absence of notice, actual or constructive, to the parent? That must be answered in the affirmative. When the proceedings in question were had the statute did not require notice, actual or constructive, to a parent who had abandoned his child. That was unquestionably the legislative idea. Resort to rules of liberal construction is not necessary to reach that conclusion. But if the statute would admit of two constructions, the result would be the same. We would feel bound to repudiate the doctrine of strict construction contended for vigorously by appellant. The adoption statute is a humane provision which looks to the interests of children primarily. That is its controlling idea and policy. Therefore, every reasonable intendment should be indulged in, in case of doubt, in the line of promoting that object. Other courts have taken the same view, but, if it were otherwise, our duty to carry out an obvious legislative intent would be the same. That the statute was designed to en-

Parsons vs. Parsons.

able those who are not blessed with the love and society of children in the family to acquire it by taking into the family fold and giving a home to those in need of such shelter, protection, and care, thus creating mutual obligations, promotive of mutual happiness and the moral well-being of society, is most clear. It has made, and is making, a multitude of happy homes, happy parents, happy children, and valuable members of society, and no narrow construction should be indulged in that will tend to defeat a result so obviously intended and in every way so beneficial.

The conclusion reached as to the necessity of notice to the absent and abandoning parent, is but affirming what was clearly held, inferentially, in *Schiltz v. Roenitz*, 86 Wis. 31. The court there, while holding that the order was not conclusive upon the father on the fact of abandonment, who had no notice of the proceedings, said that it might, however, well be held valid as to the child, obviously meaning because the court had jurisdiction that far, which of course included jurisdiction of the petitioner who commenced the proceedings. That such was the intention of the court, as understood by the legislative department of the government, is evidenced by the fact that subsequently a proviso was added to the section in the following words: "Provided, that unless the living parent or parents of-a minor consent to such adoption, it shall be the duty of the court having jurisdiction of the proceedings, upon the filing of any petition for adoption, by order to appoint a time and place for hearing such petition and cause notice of such time and place to be given to such parent or parents by personal service of said notice on such parent or parents at least ten days before the hearing or by publication thereof in a newspaper at least three weeks successively prior to said hearing, and when notice is duly given as herein provided the parent of any minor shall be bound by the order of adoption as fully as though he had consented thereto." [Laws of 1895, ch. 18.]

That notice to the parent is not requisite to a valid determination of the fact of abandonment as regards all other parties to the proceedings, has been held in numerous cases elsewhere, some of which are cited in the briefs of counsel. *Nugent v. Powell*, 4 Wyo. 173; Van Fleet, Collateral Attack, § 408; *Barnard v. Barnard*, 119 Ill. 92.

It is further contended by appellant that the county court did not have jurisdiction, because consent to the adoption was not given by the next of kin. Whether the person who signed as next of kin was such in fact was one of the questions which the court had jurisdiction to determine. It was not requisite to jurisdiction that it should be determined rightly. The trite saying applies, that every court has jurisdiction to err in any case, but mere error in determining something the court has a right to determine is irremediable by challenge to the jurisdiction of the court. That the county judge had jurisdiction to determine that W. S. Russell was next of kin to the adopted child, cannot reasonably be questioned. That the fact was judicially determined appears upon the face of the order. True, it was determined by the verified petition only, so far as appears by anything in the proceedings, but, as stated before, that was not material to the jurisdiction. If determined without any evidence whatever the result would be the same. No doubt it was competent for the county judge to have required other evidence than the petition, but he was not bound to do so. If satisfied of the fact by the petition itself, whether satisfied rightly or wrongly, it was sufficient for the validity of the proceedings. The rule on that subject was definitely stated by Mr. Justice WINSLOW in *Cody v. Cody*, 98 Wis. 445, to the effect that three things only are necessary to give jurisdiction in an action or proceeding: First, a tribunal legally organized; second, jurisdiction of the subject matter; third, jurisdiction of the person; and these things all being present, jurisdiction continues, however erroneous the pro-

ceedings leading up to the result finally obtained, unless one of the elements be in the meantime lost.

So a conclusion is reached, on the merits of the case, that the decision of the circuit court was right and must be affirmed. But if we were to go further, the result would not be otherwise. The proceedings to avoid the judgment of adoption are clearly of an equitable nature, and after the lapse of many years, during which time the status of the subject of adoption has been recognized as legally fixed by the judgment of the county court, by all parties to the proceedings, one of those parties on whose motion the judgment was rendered is in no position to appeal to the equity powers of the court to declare it void. The plainest principles of estoppel apply to the situation. Appellant petitioned for the judgment. It was entered on her motion. The person most interested, the child, was a ward of the court, and its status for life was entirely and irrevocably changed by the result of the proceedings if they were valid. Their validity was recognized by the appellant till she became pecuniarily interested in changing her position. Clearly, she cannot be aided by a court of equity to do that to the injury of the person she was instrumental in locating in her family as her adopted son.

*By the Court.*— The judgment of the circuit court is affirmed.