## McMICHAEL *v.* BLASINGAME *et al.*

The petition in this case sought damages for false imprisonment under a warrant issued by the defendants, acting in a judicial or quasi judicial capacity, and it did not appear that the action taken by them was without or beyond their jurisdiction. It was, therefore, not error to sustain a demurrer to such petition.

Submitted June 6, — Decided July 22, 1899.

Action for false imprisonment. Before Judge Felton. Crawford superior court. October term, 1898.

*M. G. Bayne, L. L. Brown,* and *W. J. Wallace,* for plaintiff.
*R. D. Smith* and *L. D. Moore,* for defendants.

SIMMONS, C. J.   McMichael brought an action against the defendants, in which he alleged that they, as a court of road commissioners, had summoned him to appear and show cause why he should not be fined as a defaulter for not working the public roads according to notice; that he did appear and had his trial, and was fined by the commissioners; that he gave notice of an intention to take the case by certiorari to the superior court, and that the commissioners thereupon stayed the judgment for ten days; that this judgment was rendered on August 24, 1898; that on September 2, he applied for the writ of certiorari and had his petition therefor sanctioned; and that on September 5 he had his petition filed in the clerk's office.   The road commissioners appear to have had no notice of the sanction of his petition for certiorari, and on September 12 they issued a warrant for his arrest, which was executed by a constable.   The plaintiff was detained by the constable until official notice of the sanction of the petition for certiorari was given the commissioners, when he was discharged.   The petition did not set out the warrant by virtue of which he was arrested, but referred to it as a "pretended paper," and alleged that it was issued with malice and without probable cause. This petition was demurred to.   An amendment was offered and allowed, in which it was alleged that the paper under which the plaintiff was arrested "was not any legal warrant and authority issued by any court of commissioners to arrest this plaintiff, but was simply a pretended authority to carry out the concerted plan of defendants to harass, worry, and deprive this plaintiff of his liberty; that said arrest was not done by the act of any court, nor were said parties acting in a judicial capacity by concerted action to harass and abuse the privileges of this plaintiff; that the said arrest was without any legal authority, without any probable cause, and was malicious."   The bill of exceptions recites that the judge sustained

the demurrer to the original petition and refused to allow the amendment, and exception is taken to the sustaining of the demurrer to the original petition and to the refusal to allow the amendment; but the record shows that the amendment was allowed, that there was a demurrer to the declaration as amended, and that the demurrer was sustained. The record is controlling, and we must decide the case as though the amendment had been allowed. Considering the declaration as amended, we are of opinion that the court did not err in sustaining the demurrer thereto on the ground that it set out no cause of action even after amendment. Section 546 et seq. of the Political Code makes county road commissioners quasi judges in regard to defaulters who refuse upon proper notice to work the public roads. . Such commissioners constitute a court of special and limited jurisdiction. The judgments of the court and the fines it imposes have liens as other judgments of the different courts of the State, and it has authority to issue warrants for the arrest of road defaulters. See *Singleton* v. *Holmes*, 70 *Ga.* 407. While the law seems to be that judges of a court of limited jurisdiction can be sued and held liable for any act, though of judicial character, done by them beyond the jurisdiction of the court, yet, in our opinion, when an action is brought against them for acts done by them as judges, or quasi judges, the want of jurisdiction should be alleged in the declaration. We know from reading the code that county road commissioners do have jurisdiction to fine or imprison road defaulters, and when they are sued for an act done in this capacity, the declaration should allege not only their want of jurisdiction but the facts which show that they had no jurisdiction. It is not sufficient in such a declaration to allege mere conclusions of the pleader. Take, for instance, the declaration in the present case, and in its original form it avers that the defendants were acting as a court when they tried and fined the plaintiff, while in the amendment it is declared that they were not acting as a court when they issued the warrant for his arrest. Whether this means that they had no power or authority to issue the warrant, or whether it means that they met on the road in a casual manner and issued some sort of a

paper and directed the constable to serve it and arrest the plaintiff, we can not determine from these averments. Nor do the averments in relation to the issuance of the writ of certiorari help to make out a cause of action. It appears from them that the commissioners suspended their judgment ten days in order that the plaintiff might apply for a writ of certiorari and have his application sanctioned. He alleges that he did apply for and obtain the sanction within the ten days, and that he then had it filed in the clerk's office; but there is no allegation that the road commissioners ever had any notice of the sanction of the writ until after they had issued the warrant and ordered the plaintiff's arrest. It seems to us that it was the duty of the plaintiff, when the writ was sanctioned, to have had notice served officially upon these defendants. His mere statement to the constable when the latter was arresting him was not sufficient, and the constable could not have acted thereon. Nor was a bare statement to the defendants made by the plaintiff while under arrest such notice as they were bound to recognize. We think, therefore, that the court did not err in sustaining the demurrer to the declaration.

*Judgment affirmed. All the Justices concurring.*