### HARPER v. LINDSEY et al.

A document purporting to be the last will and testament of the testatrix was offered for probate in solemn form under a petition filed for that purpose by two of the principal legatees named in the document, and who were designated by the testatrix as her "children."  The petition for probate alleged that the petitioners were the "adopted daughters" of the testatrix.  A brother of the testatrix, as an heir at law, filed a caveat to the petition for probate of the will, on the ground of mental incapacity of the testatrix, and of undue influence on the part of the chief legatees; and on the further ground that the court passing the order of adoption of the two children "had no jurisdiction of said two children, and the judgment therein was therefore null and void."  The propounders filed a demurrer to the caveat, which was sustained by the court on the ground that the caveator was estopped from filing a caveat to the probate of the will, on the ground of lack of interest.  *Held:*

1. The allegation in the caveat that the "court had no jurisdiction of said two children, and the judgment therein was therefore null and void," is a mere conclusion of the pleader and is insufficient to withstand the demurrer.

(a) It is not alleged why the court did not have jurisdiction to adopt the children.  The rules of good pleading require the allegation of some fact to support this conclusion.

(b) A demurrer only admits such facts as are well pleaded.  The allega-

Adoption of Children, 1 C. J. p. 1392, n. 22; p. 1394, n. 52, 53.
Estoppel, 21 C. J. p. 1228, n. 69.
Evidence, 22 C. J. p. 130, n. 26 New.
Pleading, 31 Cyc. p. 57, n. 38; p. 68, n. 76; p. 167, n. 86; p. 333, n. 76.
Wills, 40 Cyc. p. 1241, n. 22; p. 1267, n. 17.

tions in the caveat should allege, not only want of jurisdiction, but facts to show that the court had no jurisdiction to pass an order adopting the children.

(c) Every presumption is to be indulged to sustain a proceeding of adoption by a court of competent jurisdiction.

2. Where adoptive parents seek and obtain the decree they ask for in a court of their selection, and take the child or children so adopted into the family and treat them as their own, they and their heirs and personal representatives are estopped from asserting that the child is not legally adopted.

3. The court did not err in sustaining the demurrer to the caveat, and in holding that the caveator was estopped to attack the validity of the adoption proceedings, and that he had no such interest as would authorize him to contest the will of the testatrix.

No. 5064.   MARCH 11, 1926.

Appeal; probate of will. Before Judge Irwin. Floyd superior court. July 13, 1925.

*Tye, Peeples & Tye, L. A. Dean,* and *Lamar Camp,* for plaintiff in error.

*Denny & Wright,* contra.

HILL, J. Mrs. Bessie H. McDonald, of Rome, Floyd County, died in 1925, leaving a paper purporting to be her last will and testament. Bessie Brown Lindsey and Frances Brown Whaley offered this document for probate in solemn form in the court of ordinary of Floyd County. A caveat was filed; and the ordinary made an order probating the document as the last will and testament of Mrs. McDonald. An appeal was taken to the superior court by Armstead R. Harper, the caveator, who was the brother of the testatrix. In the superior court he amended his caveat, and the propounders filed an amended demurrer. Upon the hearing the following order was passed: "After hearing argument, the within demurrer is sustained and the caveat as amended is stricken. The court is of the opinion that the caveator is estopped to attack the validity of the adoption proceedings; and that as the entire estate would descend to the adopted daughters in the event the will were set aside, that the caveator has no such interest as would authorize him to contest said will." The second paragraph of the petition to probate the will is as follows: "Your petitioners herewith present said last will and testament of said deceased, and show that the following named persons are the heirs at law, and all of the heirs at law of said testator, to wit, your petitioners, Bessie Brown Lindsey and Frances Brown Whaley,

adopted daughters of said Mrs. Bessie H. McDonald, being residents as herein above stated, and both of them being of full age." In the 6th paragraph of the original caveat appear the following words: "Caveator alleges that the said Bessie Brown Lindsey and Frances Brown Whaley are not the adopted daughters of the said Bessie H. McDonald; and that in the event said pretended will is not probated, and said Mrs. McDonald is declared to have died intestate, then her brothers and sisters, and the descendants of deceased brothers and sisters, would be the lawful heirs of said Bessie H. McDonald, who are, to wit, Lizzie May Carpenter, the only living heir at law of Thornton Harper, the deceased brother of said Bessie H. McDonald; Armstead R. Harper, brother (this caveator) ; Frances Long Harper, sister; Ella Culberson, sister; Grace Cox, sister; Bessie Brown Lindsey and Frances Brown Whaley, daughters and only living heirs at law of Mrs. J. B. E. Brown, sister, deceased." The last two paragraphs in the amended caveat are in the following words: "Amends paragraph 6 by alleging that the adoption proceedings under which Bessie Brown Lindsey and Frances Brown Whaley claim to have been adopted by the testatrix was sued out and attempted to be had in the superior court of Floyd County, which court had no jurisdiction of said two children, and the judgment therein was therefore null and void. Amends the last paragraph of the 6th paragraph of the caveat, and says that said testatrix had no living legal descendants, no children or descendants of children, living at the time of her death, and her husband, Mark G. McDonald, was not in life at the time of the death of the testatrix; that this caveator is the brother of said testatrix, and as such is an heir at law of hers."

1. It is insisted by the plaintiff in error that the demurrer to the caveat admits the truth of the allegations contained in the caveat, and therefore the statement in the caveat that the "court had no jurisdiction of said two children, and the judgment therein was therefore null and void," is sufficient to withstand the demurrer of the propounders filed to the caveat as amended. The proceedings of the court adopting the defendants in error as the children of the testatrix are not set out in the record, and we are of the opinion that the mere statement in the caveat that the judgment of the court adopting the children was null and void for want of jurisdiction is a mere conclusion of the pleader. It is not

alleged why the court did not have jurisdiction; neither is it alleged where the domicile of the children was at the time of the adoption, nor is it alleged what court did have jurisdiction to pass such judgment of adoption; nor is it alleged that there was no waiver of such jurisdiction. The caveat merely contains the statement that the court which passed the order adopting the children was without jurisdiction over them. The rules of good pleading require the allegation of facts to support this conclusion. The allegation is that they were adopted by a court having no jurisdiction; and if the caveator desired to collaterally attack the adoption for want of jurisdiction in the court which did pass the order, the burden was upon him to allege in a proper plea such facts upon which he relied to deprive the court of jurisdiction. A demurrer only admits such facts as are well pleaded. In *Mc-Michael* v. *Blasingame,* 108 *Ga.* 298, 300 (33 S. E. 968), it was said: "The declaration should allege not only their want of jurisdiction, but the facts which show that they had no jurisdiction. It is not sufficient in such a declaration to allege mere conclusions of the pleader." In *Gibbs* v. *Bank of Tifton,* 21 *Ga. App.* 653 (94 S. E. 827), it was held: "The averment in the petition that the suits previously brought by the defendant against the plaintiff were not filed in a court of competent jurisdiction is a mere conclusion of the pleader, and not sustained by the facts alleged in his petition." In *Jones* v. *Ezell,* 134 *Ga.* 553 (68 S. E. 303), the general rule on this subject is thus stated: "General and loose allegations consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue." It is a familiar rule that a plea to the jurisdiction of a court must state not only that that court has no jurisdiction, but that some other court of this State has jurisdiction. Civil Code (1910), § 5666; *Fain* v. *Crawford,* 91 *Ga.* 30 (16 S. E. 106); *Akers* v. *High Co.,* 122 *Ga.* 279 (50 S. E. 105). Every presumption is to be indulged to sustain a proceeding of adoption by a court of competent jurisdiction. *Jossey* v. *Brown,* 119 *Ga.* 758 (15) (47 S. E. 350). There is nothing in the record to indicate, certainly to show, that the superior court of Floyd County was without jurisdiction when it passed an order adopting the defendants in error as the children of Mrs. McDonald. A caveat seeking to collaterally attack the

judgment of the court rendering the judgment adopting the defendants in error should allege some fact to support the allegation of want of jurisdiction. We are therefore of the opinion that the court did not err in sustaining the demurrer to the caveat.

But it is insisted by the plaintiff in error, inasmuch as the defendants in error allege in their petition for the probate of the will that the defendants in error were legally adopted by Mrs. McDonald in Floyd superior court, that the burden was upon the defendants in error to show that that court had jurisdiction. This contention is without merit, for one reason, that it was not necessary in order to probate the will that the propounders should allege and prove that the defendants in error were adopted under an order of the superior court of Floyd County. The testatrix could give her property to the defendants in error regardless of the adoption. That allegation in the petition for probate was therefore mere surplusage.

2. The court below based his judgment sustaining the demurrer upon the ground that the plaintiff in error was estopped from filing a caveat to the will. This view presents a novel question in this State, not having been decided directly by our courts. It is insisted by the defendants in error that the caveator, being a privy in blood with Mrs. McDonald, the testatrix, and claiming under her, is estopped to attack the adoption procured at her instance, upon the ground of lack of jurisdiction in the court to pass the order of adoption, or for any other cause, and, this being true, that he has no right to caveat the will; for it is argued that unless the adoption proceedings be set aside, the entire estate would descend to the adopted daughters under the law, and they would be the sole heirs at law of the deceased, and therefore the caveator, being estopped to attack the validity of the proceedings of adoption, has no such interest as would afford him the basis of a right to file a caveat to the probate of this will. As set out in the foregoing statement of facts, the second paragraph of the petition for probate alleges that Bessie Brown Lindsey and Frances Brown Whaley are all of the heirs at law of Mrs. Bessie H. McDonald, and were her adopted daughters. The caveat alleges that Mrs. Lindsey and Mrs. Whaley are not the adopted daughters of Mrs. McDonald; and it is further alleged that the adoption proceedings under which Mrs. Lindsey and Mrs. Whaley claim to have

been adopted by the testatrix were had in the superior court of Floyd County, which court had no jurisdiction of the two children, and therefore that the judgment therein was null and void. It appears, therefore, from the caveat that adoption proceedings were had at the instance of Mrs. McDonald in the superior court of Floyd County, and that in that proceeding a judgment of adoption of these two children was rendered, and caveator merely alleges that such judgment was void because the superior court of Floyd County was without jurisdiction of these children. Under the Civil Code (1910), § 3016, adopted children stand in the same relation to the adoptive parent as natural children do to a parent. See *Hilliard* v. *Hilliard,* 135 *Ga.* 168 (68 S. E. 1110, 21 Ann. Cas. 1031). Unless, therefore, the adoption of these two children is null and void and should be set aside, they are the sole heirs at law of Mrs. McDonald. 28 R. C. L. 386. Unless, therefore, the caveator can set aside the judgment of adoption of the defendants in error in this collateral proceeding on the ground that the proceedings were void, and that there was enough in the record to show that these proceedings were void, then he has no right to file a caveat; for he claims through Mrs. McDonald as her privy in blood, and can certainly have no greater rights than she herself would have had; and Mrs. McDonald, having brought this proceeding of adoption, could not have attacked the judgment which she invoked from the court, because of lack of jurisdiction. One who assumes and sustains a position before the court will not thereafter be heard to deny that such position is correct.

In *Griffin* v. *Collins,* 122 *Ga.* 102 (49 S. E. 827), this court held: "There is no provision of law in this State for the appointment of a guardian for a person of full age, solely on the ground of blindess and limited education; but where one on his own motion is appointed guardian of such a person, and as a condition precedent to his appointment gives bond with security for the faithful administration of the ward's estate, he and the sureties on his bond are estopped, in a suit on the bond, to deny the validity of his appointment as guardian." And see, to the same effect, *Howard* v. *State,* 115 *Ga.* 253 (41 S. E. 654); *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95); *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241); *Butler* v. *Tifton &c. Ry. Co.,* 121 *Ga.* 817 (49 S. E. 763); *Papworth* v. *Fitzgerald,* 111

*Ga.* 55 (36 S. E. 311); *Comer* v. *Epps*, 149 *Ga.* 57 (99 S. E. 120); *Lancaster* v. *Brown*, 139 *Ga.* 376 (77 S. E. 381); *Hines* v. *Mullins*, 25 *Ga.* 696; *Gate City Mills* v. *Cherokee Mills*, 128 *Ga.* 170, 175 (57 S. E. 320), et cit.; *Mayor* v. *Monroe*, 22 *Ga. App.* 190 (95 S. E. 731), et cit. In Kaufman v. Ousterhous, 18 A. L. R. 220 (40 N. D. 391, 168 N. W. 826), it was held: "Where one chooses his forum in which his rights shall be determined or adjudicated, he can not complain of lack of jurisdiction." See *Ferris* v. *Van Ingen*, 103 *Ga.* 544 (30 S. E. 353); *Charles* v. *Pitts*, 16 *Ga. App.* 617 (85 S. E. 939); *McConnell* v. *McConnell*, 135 *Ga.* 828 (70 S. E. 647); *McLeod* v. *McLeod*, 144 *Ga.* 359 (87 S. E. 286), where the son of one of the parties was held estopped to attack collaterally a divorce judgment previously granted. In Milligan *v.* McLaughlin, 46 L. R. A. (N. S.) 1134 (94 Neb. 171, 142 N. W. 675), the Supreme Court of Nebraska held: "While, under the provisions of section 800 of the Code of Civil Procedure, a person desiring to adopt a child should file the petition for adoption in the county of his residence, and the county court of another county should refuse to receive and file the same, yet, the statute being enacted for the benefit of the child, in a case where the facts are that all the interested parties appear before the county court of another county, and agreed on the one side to relinquish the child, and consented to its adoption on condition that it should have the full rights of heirship as if born in wedlock, and on the other to adopt and make it an heir, and the child is surrendered to the custody of, and remains in the family of, the adopting parent until the death of that parent, which occurred while the child was of tender years, the collateral heirs of the deceased adopting parent are estopped to deny the validity of the adoption proceedings, and that the child is entitled to inherit." In Re Reichel, 16 A. L. R. 1016 (4), 1018 (148 Minn. 433, 182 N. W. 517), the Supreme Court of Minnesota held: "When the adoptive parents obtain the decree they ask for and take the child into the family and treat it as their own, they and their heirs and personal representatives are estopped from asserting that the child was not legally adopted." In the opinion it was said: "An order or decree of adoption can not be attacked collaterally by the parties to the proceedings, their heirs or personal representatives. Parsons *v.* Parsons, 101 Wis. 76, 70 A. S.

R. 894, 77 N. W. 147; In Re McKeag, 141 Cal. 403, 99 A. S. R. 80, 74 Pac. 1039. The presumptive heirs of the adoptive parent have no vested rights of inheritance of which they may not be deprived by the act of their parents in adopting a child, who will have a right to inherit from them and their descendants. Gray v. Gardner, 81 Me. 554, 18 Atl. 286. When the adoptive parents invoke the jurisdiction of the court and get the order or decree they ask for, and take the child into the family and treat it as their own, they are estopped from thereafter asserting that the child was not legally adopted; and the estoppel extends to their heirs and personal representatives. Gray v. Gardner, and Van Matre v. Sankey [148 Ill. 536, 36 N. E. 628, 23 L. R. A. 665, 39 Am. St. R. 196], supra; Wolff's Appeal, 10 Sadler (Pa.), 139; 22 W. M. C. 139, 13 Atl. 760; Sankey's case, 4 Pa. Co. Ct. 624; Mullany's Adoption, 25 Pa. Co. Ct. 561."

In Appeal of Wolff (Pa.), 13 Atl. 760, 765, where the attack was on the ground of false representations to the court, and made by heirs in blood and the administrator of the adopting parent, it was held: "Whether or not such misrepresentation would be sufficient to justify setting aside the decree, the administrator and heirs of the adoptive parent could not be heard to question a decree made at his instance." In the opinion the court said: "They [the heirs contesting] are either strangers to the adoption proceedings, and therefore have no standing in court, or they are privies in blood or in law, and stand in the shoes of Samuel Sankey, through and under whom they claim. Surely Samuel Sankey, if living, would not be heard in this court questioning its decree made at his solicitation. He invoked the jurisdiction of the court, he asked that the decree of adoption should be made, he got what he desired, and he would not now be allowed to question the means he set in motion. If any wrong was done, Samuel Sankey did it, and neither he nor those who claim under him can be permitted to take advantage of his wrong, to the prejudice of an innocent party. On the argument many cases were cited where decrees of adoption have been set aside at the instance or in the interest of the adopted child; but none were cited, nor will any likely ever be found, where such decrees were revoked at the instance of the party who invoked the power of the court and sought and obtained its decree, when such revocation would be to the prejudice of the innocent child."

This same case later came before the Supreme Court of Illinois, and in the case of Van Matre *v.* Sankey (cited supra) that court said: "Moreover, the courts of Pennsylvania in a later proceeding held, as we think, properly, in considering this and similar contentions, that Samuel Sankey, if living, would be, and the parties seeking now to disregard that decree, claiming under and in privity with him, were estopped from questioning the validity of the adoption. We do not find it necessary to pursue or determine that matter here." In Re McKeag's Estate, 141. Cal. 403 (supra), which involved a contest over letters of administration issued upon the application of adopted daughters and a caveat filed by those kin by blood to the adoptive parent, the court held: "One claiming as a distributee of one who adopted a child and received the benefit of the relation is estopped to question the validity of the adoption proceedings." In Re Camp's Estate, 131 Cal. 469 (63 Pac. 736, 82 Am. St. R. 371), which was a contest by heirs of the blood of an adoptive parent over the administration of an adopted child, the court said: "It is very clear that if an action had been brought against the decedent in his lifetime, for necessaries supplied for the support of the children, he would not have been permitted to show in his defense that at the time of the proceedings for their adoption the parents had not in fact abandoned them. He would have been estopped by his recitals of their abandonment in his petition. Inasmuch as the rights of the appellant therein are derived solely through and under the decedent, he can have no greater right to question the validity of the order than would the decedent."

In Re Williams, 102 Cal. 70 (36 Pac. 407, 41 Am. St. R. 163), it was said: "The deceased voluntarily entered into the contract of adoption under consideration here, and received in his lifetime the benefits resulting from the relation thus created, the society, affection, and devotion of an adopted daughter; and no principle of law or equity will permit the appellants, claiming under him, to avail themselves of this technical departure from the direction of the statute, to defeat the rights of respondent growing out of the contract, the validity of which was never disputed by the deceased, and which has been fully performed by all the parties to it." The Supreme Court of Wisconsin, in the case of Parsons *v.* Parsons, 101 Wis. 76 (77 N. W. 147, 70 A. S. R. 894, 898),

reached the same conclusion. It was said: "The proceedings to void the judgment of adoption are clearly of an equitable nature; and after the lapse of many years, during which time the status of the subject of adoption has been recognized as legally fixed by the judgment of the county court, by all parties to the proceedings, one of those parties, on whose motion the judgment was rendered, is in no position to appeal to the equity powers of the court to declare it void. The plainest principles of estoppel apply to the situation. Appellant petitioned for the judgment. It was entered on her motion. The person most interested, the child, was a ward of the court, and its status for life was entirely and irrevocably adjudged by the result of the proceedings if they were valid. Their validity was recognized by the appellant until she became pecuniarily interested in changing her position. Clearly she can not be aided by a court of equity to do that to the injury of the person she was instrumental in locating in her family as her adopted son." And in the case of Cubitt *v.* Cubitt, 74 Kan. 353 (86 Pac. 475), the Supreme Court of Kansas held: "Where an order of adoption is made by a probate court at the request of the adopting parent, and such order is acted upon by all parties as valid, and the adopting parent takes and keeps the custody and control of the adopted . . child for several years and then dies, the surviving heirs and legal representatives of such deceased adoptive parent can not avoid the legal effect of the adoption proceedings for any mere irregularities or clerical mistakes." In the case of Brown's Adoption, 25 Pa. Sup. Ct. R. 259, 265, it was said: "It was held in Wolff's Appeal that the next of kin of the adopting father had no standing for the revocation of the decree which remained unquestioned for eleven years. This was put upon the ground that he invoked the jurisdiction of the court; 'he asked that the decree of adoption be made, he got what he desired, and would not after that lapse of time be allowed to question the means he set in motion. If any wrong was done he did it, and neither he nor those who claim under him can be permitted to take advantage of his wrong to the prejudice of an innocent party.' This principle is applicable here for stronger reasons." In the case of Mullany's Adoption, 25 Pa. Co. Ct. R. 561, the court held: "In the adoption of an adult when the written consent of the wife was not filed at the time of the adoption, if it be

shown that the wife knew of the adoption proceedings, and favored the adoption, the court will not set aside decree permitting the written consent of the wife to be filed nunc pro tunc; nor will the court set aside the adoption proceedings as being irregular on petition of the brothers and sisters of the party who had adopted the adult, the adopting party being deceased." On the general subject here being discussed see note to 30 L. R. A. (N. S.) 159; 27 R. C. L. 1365. The cases from outside jurisdictions which have been cited above seem to be in accord with the principles decided by this court in the cases cited. According to numerous authorities the proceeding to adopt a child is for the benefit of the child. The adoptive parent in the present case selected the court for the purpose of adoption, and procured an order of adoption from that court. She accepted the results of her act and assumed the relation of parent to the children, and the children assumed the relation of children to the adoptive parent. The adoptive parent can not attack that proceeding, nor can one claiming as heir at law of the adoptive parent attack the judgment of the court on any ground set out in the caveat.

3. The case of *Portman* v. *Mobley, 158 Ga. 269* (123 S. E. 695), which is relied on by the plaintiff in error, is not in point. It is distinguishable in its facts from the case at bar. In that case it appears that a fraud was practiced on the court, and that the judgment was obtained by fraud. Moreover, that judgment was attacked and involved one who did not claim through the adoptive parent as in the present case, but in opposition to him, and involved directly the custody of the child, and did not involve property rights of the child as fixed by a judgment of adoption and rules of inheritance. Had the adoptive parent or one of his heirs in that case sought to set aside the decree which he had procured, a different question would have been presented.

*Judgment affirmed. All the Justices concur.*