## 23784. GRIER *v.* CITY OF WAYCROSS.

DECIDED APRIL 6, 1934.

*Ben Smith,* for plaintiff in error.   *J. D. Blalock,* contra.

GUERRY, J.   ■   John Grier was tried in the recorder's court of the City of Waycross upon the charge of failing to report for work on streets when notified by the proper authorities so to do, and for failing, in lieu of said work, to pay the amount of $4 as street-tax as fixed by the city council.   He was convicted, and brought a petition to the superior court for certiorari, sanction thereof was refused, and he excepted.

It was admitted that Grier was a citizen and resident of Waycross and between the ages of 21 and 50 years, and otherwise subject to such tax except for the following reasons: that the ordinance of the City of Waycross which requires all persons resident of the city who, "under the laws of the State of Georgia would be liable to perform road duty," shall be subject to work the streets or pay the tax in lieu thereof, is inapplicable, for the reasons that under the act of 1929 (Ga. L. 1929, p. 755-6-7) citizens of Ware county, in which the City of Waycross is located, are not required to perform road duty.   Section 695 of the Code of 1910 provides that "Each male citizen between the ages of sixteen and fifty years shall be subject to road duty (except those who are now exempt by law), and shall be required, when notified or summoned, to work on the

public roads of the county of his residence for such length of time in each year as may be fixed, or to pay such commutation tax as may be fixed by said authorities: provided," etc. This is the law of Georgia, and under the charter and ordinance of the City of Waycross it is immaterial what special law is in force in Ware county outside of the city of Waycross in respect to the commutation tax for road work. No citizen of an incorporated town is required to work on roads outside of the limits of the town, but is, under express provisions of statute, subject to certain work if the same is required by the city council. Section 700 of the Code of 1910; Park's Code, § 855(s). The only test for his subjection to work on the streets of the City of Waycross is the law of the State. He clearly comes within its provisions. Under the law of the State and the charter of the City of Waycross its citizens are subject to road duty or the tax prescribed in lieu thereof. A special act applying to road work in Ware county does not change or modify by implication the laws with reference to street work within the city of Waycross.

■ It is next insisted that the street tax imposed by said ordinance is invalid, because through deliberate intention and act the authorities of the City of Waycross do not collect such tax from all persons in said city who would under the law be liable therefor, and there results therefrom a lack of uniformity. The evidence showed that the police force of said city and the police officers employed by the Atlantic Coast Line Railroad Company in said city have not paid such tax. It further appears that there has been no order from the council, or other official body of the municipality, exempting such police officers. It is insisted that the failure of the city authorities to collect such street tax from all persons within the city liable therefor results in lack of uniformity in the administration of the act, and that it is therefore void. No authorities of this State are cited in support of this contention. Many foreign authorities are cited, however, such as Hoefling v. Antonio, 85 Tex. 228 (20 S. W. 85, 16 L. R. A. 608), in which it was held that "The constitutional equality and uniformity of occupation taxes is violated by an ordinance which is fair on its face imposing a tax upon those who sell meat, but which is collected only from those who sell in their own shops, while there is a persistent failure to collect it from those who rent stalls from the city and who pay only

the rental value thereof." Another authority cited is Atchison, Topeka & Santa Fe R. Co. v. Collins, 294 Fed. 745 (2). However, in neither of these cases nor in any other cited by plaintiff in error is it held that such fact would be a good defense to a criminal proceeding for the enforcement of the terms of the act; and we hold that under the law of Georgia, no person may defend a prosecution for failure to pay such street tax under an ordinance of the character of the one involved in this case because the officers in enforcing such law have failed to collect from every person subject thereto. A holding otherwise would open "Pandora's box" to endless litigation in such cases. The failure of officers charged with the enforcement of the act to perform their full duty in every particular can not be made the ground for acquittal in a criminal case or a defense to the enforcement of the collection of such tax.

It is further contended that the collection of a street tax is in effect a revenue measure and that no criminal proceedings may be had to enforce its collection. This contention has been expressly ruled on and against the contention so made. See *Johnston* v. *Macon,* 62 *Ga.* 645; *Singleton* v. *Holmes,* 70 *Ga.* 407; *Whitehead* v. *Vienna,* 10 *Ga: App.* 337 (73 S. E. 533).

Under the above rulings the court properly refused to sanction the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*