Coggins *v.* Davis, chief of police.

Hutcheson, J. 1. An ordinance of a municipal corporation provided that all persons resident of such municipality, who "under the laws of the State of Georgia would be liable to·perform road duty," should be liable to pay a tax or work on the streets of such municipality; and all persons so residing, who under the State law would be subject to such duty, come within such ordinance, even though the citizens of the county within which such municipality is located are not subject to any road duty, by virtue of a special State law relating to the duties of the commissioners of such county.

2. The fact that such ordinance, levying a tax as set out above, is not uniformly enforced by the authorities against all persons subject thereto is no valid defense where one is prosecuted for failure to pay the tax or perform the duty specified.

3. There is no merit in the contention that such an ordinance is a revenue

measure, and that no criminal proceeding can be had to enforce the same. *Johnston* v. *Macon*, 62 *Ga.* 645; *Whitehead* v. *Vienna*, 10 *Ga. App.* 337 (73 S. E. 533).

4. Where a person refused to do the work specified in such an ordinance or to pay the tax therein set out, and was imprisoned on account thereof, such imprisonment was lawful, and there was no error in refusing to discharge the prisoner under a writ of habeas corpus. *Grier* v. *Waycross*, 49 *Ga. App.* — (174 S. E. 221).

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 10086.   MAY 17, 1934.

*Ben Smith,* for plaintiff.   *J. D. Blalock,* for defendants.