ELIZABETH GOODCHILD v. JOHN N. FOSTER, SUPERINTENDENT
OF STATE PUBLIC SCHOOL.

*Habeas corpus for children sent to State public school.*

A circuit judge at chambers has jurisdiction to issue the writ of habeas
corpus to get possession of children sent to the State Public School
by order of the probate judge.

The action of a circuit judge in habeas corpus proceedings is strictly
judicial where no jury is required and the judge acts personally;
and it need not be taken in open court or during term.

A mother is not bound by an order made by a probate judge sending her
child to the State Public School without any notice to her, if she
was within the county, or to any of the child's friends or relations;
and she can sue out the writ of habeas corpus to regain their custody.

Certiorari to Hooker, J.    October 16.—October 24.

Habeas Corpus.    Respondent appeals.    Affirmed.

*Charles Upson* for appellant.    The fact that relator in
habeas corpus proceedings is the mother of minors detained
from her is not conclusive as to her right to their custody;
it must further appear that it is for the welfare of the
children to have them placed in her charge: *Corrie v. Corrie*
42 Mich. 509; Hurd on Habeas Corpus 462–3; Schouler's
Dom. Rel. § 248; a final adjudication upon the right of
contending parties to the control, custody, nurture and edu-
cation of a child is as much foreign to the nature of chamber
powers as one where the possession and enjoyment of prop-
erty are the purpose of the suit: *Rowe v. Rowe* 28 Mich.
357; *Matter of Buddington* 29 Mich. 472.

*Henry Plass* for appellee petitioner.    Unauthorized ab-
sence of infants from legal custody is an imprisonment:
Hurd on Habeas Corpus 454; the State courts, in all cases
authorized by the laws of the State must issue the writ of
habeas corpus, to inquire into the legality of the imprison-
ment of any person deprived of his liberty within the State:

*Matter of Spangler* 11 Mich. 310 ; in case of infants, the writ may issue without the privity of the child : *People v. Mercein* 3 Hill 399 ; and against its express wishes : *Commonwealth v. Hamilton* 6 Mass. 273 ; and the circuit judge has power to act in the premises at other times as well as in open court : *Matter of Buddington* 29 Mich. 475 ; Hurd on Habeas Corpus 456 ; Act 266 of 1881.

CAMPBELL, J.   Mrs. Goodchild brought habeas corpus to get possession of her children in the State public school, to which they had been sent under an order of Judge Durfee, probate judge of Wayne county.   Respondent brought certiorari against the decision restoring them to her possession.

The objection made on the argument to the jurisdiction of the circuit judge is not made in the affidavit for the writ of certiorari.   But we do not think there is any foundation for such an objection.   Proceedings must be speedy to be valuable, and the long practice that has sanctioned such action is unquestionably correct.   Where no jury is required, and where the judge acts personally, we think his action under this writ is strictly judicial and need not be in open court at term.

As no authority was shown which would bind the mother, the children were properly restored.   The order of the judge of probate shows she was in the county, but no notice appears to have been given either to her or to any friends or relatives.   The statute clearly contemplates and distinctly provides that parents and friends may be heard on the children's behalf ; and this involves an opportunity to be heard. As this was not shown, the mother was a stranger to the proceeding and it in no way bound her.

The proceedings must be affirmed with costs.

The other Justices concurred.