## IN RE ESTATE OF McCORMICK.

*November 2 — November 16, 1900.*

*Adoption of children: Jurisdiction: Petition: Finding as to abandonment: Presumptions.*

1. A petition for leave to adopt a child, under sec. 4021, Stats. 1898, may be sufficient to give the county court jurisdiction of the proceeding, although it fails to state all the facts essential to authorize such adoption and even fails to state the name or residence of either parent.

2. Under sec. 4022, Stats. 1898, an order of adoption, made without the consent of the living parents or either of them, cannot be upheld on the ground that they had abandoned the child unless that fact was judicially determined and found by the county court. A subsequent finding of that fact by another court is of no avail; and there can be no presumption that the county court so found, where the record is silent as to the fact.

APPEAL from a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

For the appellants there were briefs by *Carl H. Mueller,* attorney, and *Ryan, Hurley & Jones,* of counsel, and oral argument by *T. C. Ryan* and *M. A. Hurley.*

For the respondent administrator there was a brief by *Louis Marchetti,* attorney, and *Mylrea & Bird,* of counsel, and oral argument by *Mr. W. H. Mylrea, Mr. C. B. Bird,* and *Mr. Marchetti.* They contended, *inter alia,* that the objections to the order of adoption on the ground that there was no notice to or consent of the parents only go to the jurisdiction of the person of the parents and can only be raised by them. *Schiltz v. Roenitz,* 86 Wis. 31; *Parsons v. Parsons,* 101 Wis. 81; *Mohr v. Porter,* 51 Wis. 487; *O'Dell v. Rogers,* 44 Wis. 136; *Melms v. Pfister,* 59 Wis. 186; *Weld v. Johnson Mfg. Co.* 84 Wis. 537; Van Fleet, Collateral Attack, § 408; *Nugent v. Powell,* 4 Wyo. 173, 20 L. R. A. 199.

CASSODAY, C. J. This is an appeal from a judgment of the circuit court entered January 3, 1900, affirming an order of the county court entered May 9, 1899, appointing *Carl Kronenwetter* as administrator of the estate of Ellen McCormick, deceased. The order was made on the petition of Emory McCormick, claiming to be a son by adoption of Ellen Mc-Cormick, who died intestate March 18, 1899. Her husband, Thomas McCormick, died testate December 3, 1898. The facts in relation to such adoption, as appears from the record, are to the effect that December 20, 1880, Thomas and Ellen McCormick presented to the county court their verified petition that they were husband and wife, and were residents of the town of Easton, in Marathon county, and were desirous of adopting a child not their own by birth, to wit, Emory Brown, who was then an infant under the age of fourteen years, and was six years old; that John T. Callon and John Patzer, as guardians, had given their written consent to such adoption; that the petitioners were of sufficient ability to bring up the child and furnish him suitable nurture and education, having reference to the degree and condition of his parents,— and praying for such adoption and the change of the child's name accordingly. Such written consent of Callon and Patzer accompanied the adoption, and recited that they were such guardians of Emory, who was six years of age, and was signed by them as "Poor Committee of Marathon County, Wis.," and bore date December 16, 1880. Neither the petition nor such consent named the father or mother of Emory or their residence. Upon such petition and consent the county court made and entered an order June 8, 1881, reciting that Emory Brown was an infant under fourteen years of age, and was six years of age; that Thomas and Ellen McCormick were desirous of adopting him as their child; that "John Callon and John Patzer, guardians and poor commissioners," had given their consent in writing to such adoption; that the court was satisfied

In re Estate of McCormick.

with the identity and relations of the persons and that the petitioners were of sufficient ability to bring up and furnish suitable nurture and education for the child, having reference to the degree and condition of its parents; and that it was proper that such adoption should take effect. Thereupon it was ordered that from and after the date thereof Emory Brown should be, to all legal intents and purposes, the child of the petitioners, Thomas and Ellen McCormick; that the name of the child be changed to Emory McCormick, according to the prayer of the petition. Such order fails to give the name or residence of either the father or mother of the child.

It appears in evidence that Emory's father and mother were divorced November 14, 1881; that July 10, 1893, Thomas McCormick made his last will and testament, wherein he gave and bequeathed to his adopted son, Emory McCormick, five dollars, and gave, devised, and bequeathed all the balance of his property to his wife, Ellen; that December 3, 1898, Thomas McCormick died, and thereupon such will was filed and admitted to probate; that March 18, 1899, Ellen died intestate; that March 21, 1899, Emory, as such adopted son, presented to the county court his verified petition for such appointment of such administrator of the estate of Ellen McCormick, deceased.

The trial court found, in effect, that Ellen McCormick died intestate, leaving property in the county; that the appellants were her brothers and sisters; that she left, her surviving, no husband or natural children nor child, and that the petitioner, Emory Brown (McCormick), was the duly and legally adopted son of Ellen,— and, as conclusions of law, that the county court properly granted the administration of her estate to the person so requested by him. The circuit court based such findings wholly upon a certified copy of the proceedings of the county court. From the judgment entered thereon accordingly, affirming the order of the

county court appointing such administrator, the brothers and sisters of Ellen bring this appeal.

The statute provides that the "administration of the estates of intestates shall be granted to some one or more" of the relatives therein named, and the order of their appointment, "as the county court might think proper, *or to such person as* the widow, surviving husband or *next of kin may request* to have appointed, if suitable and competent to discharge the trust." Stats. 1898, sec. 3807. Here the administrator was appointed on the petition and at the request of Emory Brown (McCormick) on the ground that he was the legally adopted son of Thomas and Ellen McCormick. The question recurs whether he was such legally adopted son. The appellants contend that the petition of Thomas and Ellen McCormick for the adoption of Emory was insufficient to give the county court jurisdiction, for the reason that it failed to state all the facts essential to authorize such adoption. The petition is far from being a model. It even fails to state the name or residence of Emory's father or mother. Nevertheless we are constrained to hold that it was a sufficient compliance with the statute to give the county court, jurisdiction to hear proof in the matter of the adoption of the child. Sec. 4021. But that did not authorize that court to order or adjudge such adoption in violation of the next section of the statute. Sec. 4022. That section declares that "no such adoption shall be made without the written consent of the living parents of such child unless *the court shall find* that one of the parents has *abándoned* the child or gone to parts unknown, when such consent may be given by the parent, if any, having the care of the child." It further provides, in effect, that in case the parents are living and "have abandoned the child such consent may be given by the guardian of such child, if any," and "that, unless the living parent or parents of a minor consent to such adoption, it shall be the duty of the court having jurisdiction"

In re Estate of McCormick.

to appoint a time and place for hearing such petition, and give notice thereof as prescribed. The substance of the order of the county court adopting the child is given above in the statement of facts. It does not find that the parents of the child, or either of them, had abandoned the child,— much less that they, or either of them, were dead. It does not even mention the name or residence of either of them, and yet it appears from the record that they were both living in the county at the time; and there is no claim that they, or either of them, had notice of the proceedings, as required by the statute. Such being the facts, the order of adoption, based upon the abandonment of the child by the parents, was clearly a nullity as against them. *Schiltz v. Roenitz,* 86 Wis. 31.

Such want of notice to the parents, however, did not take away the jurisdiction of the county court to determine whether the parents had in fact abandoned the child. *Parsons v. Parsons,* 101 Wis. 76, 81, 82. In that case it was said by my brother MARSHALL, speaking for the court, in effect, that "the fact of abandonment, judicially determined, was essential to the jurisdiction" of the court to order or adjudge such adoption. 101 Wis. 79. In that case the fact of abandonment was so judicially determined. In the case at bar it was not so determined. The statute quoted expressly prohibited such adoption on the ground of abandonment, without the fact of abandonment being found by the county court. To obviate the objection, it is said that the circuit court did find such abandonment. But that does not give life to such adoption by the county court without any finding of such abandonment. Counsel ask us to presume such finding by the county court, though never reduced to writing. It is true that in a certain class of cases, where the record is silent as to some fact, a presumption will be indulged in favor of the judgment. *Webb v. Meloy,* 32 Wis. 319; *Oakes v. Estate of Buckley,* 49 Wis. 592; *Mitchell v. Rolison,*

52 Wis. 155. But we are not aware of any such presumption in violation of an express statutory requirement, and in a proceeding which is purely statutory. If the facts were such as to obviate the express prohibition of the statute, they should have been found by the county court. We must hold that the county court, in granting such adoption, acted in excess of its jurisdiction. *State ex rel. Att'y Gen. v. Circuit Court*, 97 Wis. 1.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to reverse the order of the county court, and for further proceedings according to law.