In re Hammer, 113 Wis. 96.

BARDEEN, J., took no part.

## IN RE HAMMER.

*January 10—January 28, 1902.*

Certiorari: *Chamber orders: Adequate remedy: Practice.*

1. A common-law writ of *certiorari* will not issue when there is an adequate remedy by appeal or otherwise.
2. Petitioner was brought before the circuit judge at chambers in *habeas corpus* proceedings, and, on being remanded, applied to the supreme court for a writ of *certiorari*. *Held*, that the application should be denied, as petitioner had an adequate remedy by application to the circuit court to review such order, and then, if adverse to petitioner, under sec. 3043, Stats. 1898, a writ of error could issue to review the order of the circuit court affirming the order made at chambers.

APPLICATION for a writ of *certiorari.* *Denied.*

*D. D. Sutherland,* for the petitioner.   [No brief on file.]

PER CURIAM.  *Habeas corpus* proceedings were brought by the petitioner, *Hammer,* before the Honorable MICHAEL KIRWAN, circuit judge of the Fourth circuit, and upon hearing thereof the petitioner was remanded to the county jail. Thereupon the petitioner applied to this court for a writ of *certiorari* to review the action of the circuit judge.  The application must be denied.  A common-law writ of *certiorari* will not issue where there is an adequate remedy by appeal or otherwise.  *State ex rel. C. & N. W. R. Co. v. Oshkosh, A. & B. W. R. Co.* 100 Wis. 538.  In the present case, while there is no remedy by appeal or writ of error from the order of the circuit judge at chambers (*State v. Brownell,* 80 Wis. 563), there is another complete remedy.  The petitioner can by proper proceedings have the order of the judge at chambers reviewed by the circuit court, and, if the ruling of the court is adverse to him, can bring the matter before this court by writ of error.  Stats. 1898, sec. 3043.  This is doubtless the proper procedure.  This remedy being open to the petitioner, no writ of *certiorari* will be issued.