Longstaff, Plaintiff in error, vs. The State, Defendant in error.

*December 16, 1903—January 12, 1904.*

Habeas corpus: *Jurisdiction of court commissioner: Review: Practice: Motion: Questions reviewed on* certiorari: *Writ of error.*

1. Sec. 23, art. VII, Const., provides that court commissioners may be vested with "such judicial powers" as are "prescribed by law," not exceeding the powers "of a judge of a circuit court at chambers," and sec. 2815, Stats. 1898, prescribes that a court commissioner may exercise within his county the powers and shall be subject to the restrictions thereon of a circuit judge at chambers, in all actions or proceedings in courts of record. *Held,* that a court commissioner has jurisdiction upon *habeas corpus* to hear and determine whether a person, held for trial on a criminal offense punishable by imprisonment in the state prison, is imprisoned contrary to law.

2. The action of a court commissioner in discharging on *habeas corpus* a person held for trial on a criminal charge punishable by imprisonment in the state prison may be reviewed upon proper proceeding by the circuit court.

3. In such case, a motion made in the ordinary way is a proper proceeding.

4. Where a court commissioner has jurisdiction of the subject matter on *habeas corpus* to test the validity of the imprisonment of one held for trial on a criminal charge, errors the commissioner may have committed in deciding any question of law or fact cannot be reviewed by the circuit court on *certiorari.*

5. In such case, where the circuit court has improperly reversed the order of the court commissioner for errors of judgment in determining the case upon the merits, the error of the circuit court is properly reviewable on writ of error.

Error to reverse a judgment of the circuit court for Chippewa county: A. J. Vinje, Circuit Judge. *Reversed.*

It appears from the record, and is undisputed, that February 17, 1903, a complaint was made to the municipal judge of Chippewa county, charging the plaintiff in error with a criminal offense therein described, punishable by im-

prisonment in the state prison.   The municipal judge thereupon issued a warrant upon which the accused was arrested and brought before the municipal court, and after a preliminary examination was held to bail for his appearance at the circuit court, and, in default of the requisite bail, was committed to the county jail.   February 21, 1903, upon the verified petition of the accused, setting forth all the evidence and proceedings before the committing magistrate, the accused procured from Hon. Arthur Gough, court commissioner for Chippewa county, a writ of *habeas corpus,* returnable before him February 24, 1903, at 2 p. m., at the office of said commissioner, and which writ was on February 21, 1903, duly served on the sheriff as required by sec. 3416, Stats. 1898, and his fees for bringing up the prisoner were then and there paid; that at the same time, and on February 21, 1903, a notice in writing of such hearing was given to the district attorney.   February 24, 1903, the sheriff having the custody of the accused made return to such writ, and the accused at the same time traversed such return.   Thereupon, and after full hearing, the said court commissioner by a written order discharged the prisoner from further custody by the sheriff. Upon the petition of the district attorney duly verified March 21, 1903, a writ of *certiorari* was duly issued from the circuit court of Chippewa county to Hon. Arthur Gough, court commissioner, requiring him to certify and return to the circuit court such writ, together with all the files, papers, and entries recorded, filed, or used in the proceedings in such matter.   March 30, 1903, Commissioner Gough duly made such return.   April 14, 1903, the circuit court determined and adjudged that said order of the court commissioner be reversed and annulled, and the accused was thereby remanded to the custody of the sheriff, to be detained by him as in the commitment required.   To reverse that judgment the accused, on April 18, 1903, sued out this writ of error.

The cause was submitted for the plaintiff in error on the

briefs of *W. H. Stafford,* and for the defendant in error on that of the *Attorney General* and *W. D. Corrigan,* second assistant attorney general.

CASSODAY, C. J.    Court commissioners may be vested with "such judicial powers" as are "prescribed by law," not exceeding the powers "of a judge of a circuit court at chambers." Sec. 23, art. VII, Const.; *Faust v. State,* 45 Wis. 273, 276; *Wis. Ind. School v. Clark Co.* 103 Wis. 662, 663, 79 N. W. 422.    The statute provides that, except as therein otherwise provided, a

"judge or commissioner may exercise within his county the powers and shall be subject to the restrictions thereon of a circuit judge at chambers, according to existing practice and these statutes, in all actions or proceedings in courts of record, but all such orders may be reviewed by the court." Sec. 2815, Stats. 1898.

Upon the facts stated, there can be no question but what the court commissioner had jurisdiction upon *habeas corpus* to hear and determine whether the accused was imprisoned contrary to law.    Whether such determination was rightful is another question.    If the state deemed such determination wrongful, then the order of the court commissioner discharging the accused in the case at bar was undoubtedly reviewable upon the merits in a proper proceeding by the circuit court.    *In re Hammer,* 113 Wis. 96, 89 N. W. 111.    A motion made in the ordinary way has recently been held by this court to be such proper proceeding.    Id.; *State ex rel. Gaster v. Whitcher,* 117 Wis. 668, 94 N. W. 787, 789.    No such motion was here made.    On the contrary, the attempt was here made to review the order upon the merits upon the return to the writ of *certiorari.*    As said in the case last cited, when a writ of *certiorari* "is used as the foundation for jurisdiction to bring up and decide upon the validity of a judicial determination by any body or officer, jurisdictional questions only are reached, and such questions pertaining to the de-

termination made by the officer or body particularly complained of." *State ex rel. Gaster v. Whitcher,* 117 Wis. 672, 94 N. W. 788.   The writ of *certiorari,* when used to test the validity of some judicial or *quasi*-judicial proceeding, as here, only reaches jurisdictional errors.   Id.   Since the commissioner had jurisdiction of the subject-matter on *habeas corpus,* any errors he may have committed in deciding any question of law or fact could not be reviewed by the circuit court on writ of *certiorari.*   This being so, it is obvious that the circuit court improperly reversed the order of the court commissioner for errors of judgment in determining the case upon the merits.   Such error of the circuit court is properly reviewable by this court on this writ of error.   Sec. 3043, Stats. 1898.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to affirm the order of the court commissioner.