# CASES DETERMINED

# August Term, 1907.

---

POTTER, Appellant, vs. FROHBACH, Respondent.

*September 9—September 24, 1907.*

*Courts: Supervisory control: Appropriate writs: Jurisdiction: Appeal: Court commissioners: Powers: Review: Certiorari: Prohibition: Motions: Actions: Equity: Habeas corpus: Powers of circuit judge at chambers.*

1. The power vested by the constitution in circuit courts of supervisory or general control over inferior courts, jurisdictions, or tribunals is conferred coupled with a designation of instrumentalities, to wit, the common-law writs, for its exercise, and failure to use the appropriate writ is jurisdictional error.

2. In case of a court being approached in respect to a matter within the scope of its authority, but not in some manner reasonably appropriate to the instance according to the written or unwritten law, it should refuse to act, upon jurisdictional grounds, and if it does not do so its determination when directly challenged upon review should be regarded as jurisdictionally defective.

3. A *certiorari* action or a motion to the superior tribunal in the proceeding is the proper way to test the decision of a court commissioner upon jurisdictional grounds.

4. To prevent a court commissioner from proceeding without jurisdiction, a writ of prohibition or other appropriate common-law writ, if there be any such other, should be used.

5. To review the action of a court commissioner for judicial error an ordinary motion in the proceeding in the superior jurisdiction should be made.

VOL. 133 — 1

6. The only proper method of invoking the general equity power of the circuit court in the absence of any statutory authorization is by action.

7. A circuit court commissioner has power to allow a writ of *habeas corpus* and to hear and determine the matter involved.

8. A circuit judge can, especially by legislative authority, exercise at chambers any power not requiring the trial of an action, strictly so called.

9. The term "action," as used in the last foregoing rule, does not include proceedings, classed for some purposes with actions, commenced by common-law writs.

10. The questions which a court commissioner may properly decide in determining a matter which he is competent to hear are the same as those properly determinable by a circuit judge at chambers in a like case.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

*Hugo O. Frohbach* sued out, before Julius E. Roehr, a writ of *habeas corpus* to obtain custody from *Laura W. Potter* of his two minor children. His wife was divorced from him, she being awarded custody of the children. She subsequently died leaving such children in the care of *Laura W. Potter.* He thereafter, on an *ex parte* application to the county court of Milwaukee county, was appointed general guardian of the children. After being so appointed he sued out a writ of *habeas corpus* as aforesaid. Thereupon appellant petitioned the circuit court praying for a judgment awarding the custody of the children to her upon the ground that the father was unsuitable to have their care and that she was their testamentary guardian under the will of the mother, and restraining the court commissioner from proceeding in the *habeas corpus* matter. An order was entered requiring the court commissioner and *Hugo O. Frohbach* to show cause why the prayer of the petitioner should not be granted, and in the meantime staying the *habeas corpus* proceedings and requiring the commissioner to certify to the circuit court all papers in relation to such proceeding. The petition was de-

Potter v. Frohbach, 133 Wis. 1.

nied and the commissioner directed to proceed. This appeal is from the order entered to that effect.

For the appellant there was a brief by *Turner, Hunter & Goff,* and oral argument by *G. D. Goff.*

For the respondent there was a brief by *McElroy & Wetzler,* and oral argument by *W. J. McElroy.*

MARSHALL, J. No objection seems to have been raised to the regularity of the proceedings resulting in the order appealed from. The procedure resorted to is unknown to the practice. It was not a motion in the *habeas corpus* matter to review the action of the commissioner in assuming jurisdiction. It was not an application in form for a writ of *certiorari* or any other writ, nor was it an action or special proceeding authorized by statute. Counsel for appellant suggest that it was an application to the equity power of the court, yet it was not made by action or in any manner known to the Code or the practice thereunder. Counsel further suggest that it was an application for the exercise of the supervisory control exercisable by circuit courts over inferior tribunals, yet no appropriate writ was sought for or seems to have been contemplated by which the power of superintending control can only be regularly exercised. *State ex rel. Milwaukee Med. Coll. v. Chittenden,* 127 Wis. 468, 107 N. W. 500. As said in that case, in harmony with previous adjudications, unlike the grant of power of superintending control granted to this court independently of any special provision for instrumentalities essential to its exercise (sec. 3, art. VII, Const.), the power of supervisory or general control was conferred upon the circuit courts with express authority to use appropriate common-law appurtenances for the exercise of it. This court was given the power to issue such writs of jurisdiction and independently of its separate jurisdiction of superintending control, power to issue appropriate writs in the exercise of such control being given by implica-

tion, while the specific grant to circuit courts of the use of the writs was solely in aid of jurisdiction. *Att'y Gen. v. Railroad Cos.* 35 Wis. 425, 521.

The circuit court might well have dismissed the proceedings as jurisdictionally irregular. Perhaps it ought to have done so. Where a court possesses jurisdiction of the subject matter but ought not to exercise it in the way invoked it should be deemed to be without jurisdiction. Where it ought, regardless of the attitude of parties, to decline to act, it should be deemed, regardless of such attitude, not to have jurisdiction to act (*Harrigan v. Gilchrist,* 121 Wis. 127, 229, 99 N. W. 909) ; and where the jurisdiction of the court is invoked in a matter within its power but in a manner entirely unknown to the law, written or unwritten, ordinarily, at least, it should refuse to open its doors, and if it does not this court should treat the result as jurisdictionally defective whether objection be or be not made by any party to the litigation. *Harrigan v. Gilchrist,* 121 Wis. 127, 229, 99 N. W. 909 ; *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304.

Notwithstanding what has been said, since the trial court had jurisdiction of the subject of whether the court commissioner should be prohibited for jurisdictional reasons from entertaining the *habeas corpus* matter, it may be that in the particular instance the proceeding before such court may safely be treated as an application for an appropriate writ and a denial thereof because no sufficient grounds for its issuance were shown. In no other way can a dismissal of the appeal be avoided and a decision on the merits be reached. This court set a precedent in that line, not to be regarded as safe to rely on other than in exceptional cases, in treating a complaint filed in this court, erroneously invoking its original equity jurisdiction, as an application for a writ of *mandamus,* it appearing that grounds for such a writ existed, and that its immediate issuance was advisable to prevent a miscarriage of justice. *State ex rel. Rinder v. Goff,* 129 Wis. 668, 109

N. W. 628. We have concluded that, notwithstanding the
rather inexcusable irregularity in the practice adopted, that
power exists and justice will be best subserved by treating the
matter as suggested, though it should not be considered as
giving sanction to the practice so that the instance will form
a precedent to be followed.

To the end that, notwithstanding the treatment of this case,
the proper course of procedure may not be jurisdictionally de-
parted from, we state here that, in the opinion of the court,
these are the proper rules to be observed: In case of an appli-
cation to test the act of a court commissioner upon jurisdic-
tional grounds, a writ of *certiorari,* as an independent pro-
ceeding, or a motion in the proceeding challenged for re-
view, is proper. *In re Hammer,* 113 Wis. 96, 89 N. W.
111; *Longstaff v. State,* 120 Wis. 346, 97 N. W. 900. In
case of a proceeding to prevent a court commissioner from
hearing any particular matter for want of jurisdiction, a
writ of prohibition or other appropriate common-law writ,
if any other there be to meet the case, is proper. In case of
any proceeding in the circuit court under its power of super-
intending control, some one of the appropriate writs accord-
ing to the practice at common law for the exercise of such
control should be used and should be regularly obtained.
*State ex rel. Milwaukee Med. Coll. v. Chittenden,* 127 Wis.
468, 107 N. W. 500. To review the action of a court com-
missioner for mere judicial error, an ordinary motion in the
proceeding in the circuit court for that purpose is the proper
method of invoking the superior judicial authority. *In re
Hammer, supra; State ex rel. Gaster v. Whitcher,* 117 Wis.
668, 94 N. W. 787; *Longstaff v. State, supra.* In case of an
appeal to the general equity power of the circuit court to pre-
vent or redress a wrong, or for other relief, the method of
approach should be by action in the absence of any special
statutory authorization.

The sole question determined by the court below was as to

whether a circuit court commissioner has jurisdiction to allow a writ of *habeas corpus* and to hear and determine the matter involved. It seems to be rather late to question such jurisdiction, since it has been exercised without successful challenge for over half a century. The instances where such exercise has been directly or impliedly sanctioned by this court are very numerous. Significant among the more recent of such instances are *In re Crow,* 60 Wis. 349, 19 N. W. 713; *State ex rel. Gaster v. Whitcher,* 117 Wis. 668, 94 N. W. 787; *Longstaff v. State,* 120 Wis. 346, 97 N. W. 900. In the first case cited, as suggested by respondent's counsel, this court refused to follow rulings in the state of Michigan denying to court commissioners jurisdiction to hear a *habeas corpus* matter.

The question as now presented is decisively ruled in favor of respondent by the last case above cited. It was there held that under the constitutional provision that such judicial powers as are prescribed by law, not exceeding the power of a judge at chambers, may be exercised by court commissioners, sec. 23, art. VII, and the statutory provision that a "judge or commissioner may exercise within his county the powers and shall be subject to the restrictions thereon of a circuit judge at chambers, according to the existing practice . . . in all actions or proceedings in courts of record," sec. 2815, Stats. (1898), there can be no question but that a court commissioner has jurisdiction upon *habeas corpus* to hear and determine the questions that may be appropriately presented for adjudication. It was there assumed, as will be seen, that a circuit judge at chambers may hear and determine a *habeas corpus* matter, including the determination of all questions necessary to be solved in reaching a proper final result.

Counsel for appellant are wrong in contending that it was held in *Wisconsin Ind. School v. Clark Co.* 103 Wis. 651, 662, 79 N. W. 422, that a circuit judge at chambers cannot

hear a matter involving the determination of a disputed question of fact. It was there in effect decided that such a judge, especially by legislative authority, may exercise any judicial power not requiring the trial of an action. The term "action" was plainly used in the sense of a Code proceeding commencible only by summons, not one of those extraordinary remedies commencible by a writ, which is classed with actions as distinguished from special proceedings.

General power is given to judges to allow writs at chambers returnable in the proper counties. Sec. 2420, Stats. (1898). Court commissioners have generally the powers of a circuit judge at chambers. Sec. 2815, Stats. (1898). They are authorized, specially, to grant writs of *habeas corpus*. Sec. 3409, Stats. (1898). The practice outlined in the Code contemplates a hearing in the *habeas corpus* proceeding before the court, or before the officer granting the writ. Ch. 147, Stats. (1898).

It is said in a standard work on Pleading and Practice (4 Ency. Pl. & Pr. 360) that constitutional and statutory power generally exists to hear and determine writs of *habeas corpus* at chambers, citing authorities from many states, including Wisconsin (*In re Booth*, 3 Wis. 1; *In re Blair*, 4 Wis. 522; *Bagnall v. Ableman*, 4 Wis. 163), and that a judge at chambers in many jurisdictions has such power where the questions to be solved relate to the custody of minor children, citing many cases, including *Goodchild v. Foster*, 51 Mich. 599, 17 N. W. 74, which seems to be in direct conflict with the earlier decision in that state, relied upon by the learned counsel for appellant and repudiated in *In re Crow*, 60 Wis. 349, 19 N. W. 713. The ground of the earlier Michigan decisions was that the constitution conferred all power to judicially determine controversies on courts and, therefore, the legislature was powerless to confer the power to hear and determine a controversy in a *habeas corpus* action on a judge at cham-

bers or a court commissioner.    This court very early an-
nounced a different doctrine in these words:

"The constitution of this state confers the power to issue,
hear, and determine this writ, upon the supreme and circuit
courts.    But the legislature, though it cannot inhibit or re-
strict those courts in the exercise of this power, may confer
the power upon other judicial courts *or officers,* under such
limitations and restrictions as it may deem proper.    Accord-
ingly the legislature has . . . made provision for the issuing,
hearing, and determining of the writ, by any judge of the su-
preme, circuit, or county court, *in vacation,* and has pre-
scribed the mode of procedure in such cases."    [*Bagnall v.
Ableman,* 4 Wis. 163, 167.]

It follows that the commissioner in this case undoubtedly
had authority to determine the *habeas corpus* proceeding.
Just what questions it was competent for him to decide in
reaching such determination is really not necessary to now
specify, though no reason is perceived how, under the statute,
they are limited in case of a commissioner, specially.    If
such an officer makes a wrong decision the way is open for a
review, *firstly,* before the circuit court, and *secondly,* before
this court.

We have not endeavored to discuss the main question of
law raised on the appeal at any great length.    When the law
in respect to a particular matter has been by recognition and
express declaration long established, it should not be regarded
as open to question, calling for, or perhaps warranting, an ex-
haustive discussion in an exposition thereof.    We might well
dispose of this case by merely stating the question involved
and holding, as the fact is, that it is ruled in respondent's
favor by *Longstaff v. State,* 120 Wis. 346, 97 N. W. 900.

*By the Court.*—The order is affirmed.

Timlin, J.    I concur in the affirmance of the order ap-
pealed from upon the ground that the application to the cir-
cuit court to restrain the court commissioner from proceeding

with the hearing upon *habeas corpus* was not made or entitled in the *habeas corpus* proceeding or in any pending action, or in any special proceeding known to the law.   The application was therefore collateral to the *habeas corpus* proceeding and irregular and unauthorized in point of procedure, and was properly denied.

Other matters discussed in the opinion are not, I believe, properly before this court for determination.