IN RE MURPHY.

*January 30—February 2, 1912.*

Habeas corpus: *Bail: Court commissioners: Jurisdiction: Circuit court: Supervisory control: Appropriate writs: Harmless error.*

1. There is no statutory warrant for the admission to bail, in *habeas corpus* proceedings, of one rightfully· in custody upon a commitment issued by a court of competent jurisdiction after conviction of a criminal offense.

2. Where the circuit court has by order set aside proceedings of a court commissioner acting without jurisdiction (in this case admitting to bail a convicted man serving his sentence) and it appears that due notice of the motion and due opportunity for defense were given and that no substantial rights have been lost, this court will not necessarily disturb such order of the circuit court merely because it did not issue the proper formal writ—especially where the right result was unquestionably reached. *Potter v. Frohbach,* 133 Wis. 1, limited.

WRIT of *habeas corpus* issued out of this court.

.*William Kaumheimer* and *J. W. Wagener,* for the petitioner.

*Winfred C. Zabel,* district attorney, *J. Elmer Lehr,* assistant district attorney, the *Attorney General,* and *Russell Jackson,* deputy attorney general, for the sheriff.

On February 2, 1912, the alternative writ of *habeas corpus* was quashed and the proceedings dismissed without costs. The following opinion was filed February 20, 1912:

WINSLOW, C. J. *Lawrence Murphy,* having been convicted of the offense of usury before the municipal court of Milwaukee county and sentenced to the house of correction for a term of ninety days, sued out a writ of *habeas corpus* before a court commissioner, and upon the return day of the writ the commissioner of his own motion adjourned the pro-

ceedings for eleven 'days, and made an order admitting the petitioner to bail pending the hearing. The petitioner gave bail, but, on motion made by the inspector of the house of correction, the circuit court for Milwaukee county made an order purporting to set aside all proceedings before the commissioner, and thereupon the inspector of the house of correction again took the petitioner into his custody under the original commitment. Thereupon the petitioner made his application to one of the justices of this court for a second writ of *habeas corpus,* and the same was issued out of this court. The foregoing facts appearing upon the return to the writ, the same must be quashed and the proceedings dismissed.

A number of questions were raised and discussed by counsel upon the hearing, but we deem it necessary to decide but one.

It was established beyond peradventure that the petitioner was in custody under the sentence of a court of competent jurisdiction after trial and conviction when the first writ of *habeas corpus* was issued by the commissioner.

Under these circumstances the commissioner had no jurisdiction to admit him to bail. Our statutes do not provide for admission to bail in any such case. If the proceedings be delayed the commissioner may commit the petitioner to the custody of the sheriff or other proper person pending the hearing (sec. 3431, Stats. 1898), but he has not authority to admit to bail a convicted man serving his sentence. The law contemplates no such general jail- delivery as would be possible under such a condition of affairs.

It is therefore held that, irrespective of any other questions which might be discussed and decided on the record, it appears without dispute that the petitioner is rightfully in the custody of the inspector of the house of correction, upon a commitment issued by a court of competent jurisdiction after conviction of a criminal offense, and hence the writ must be

quashed.    The act under which the petitioner was convicted was sec. 1691, Stats. (1898), as amended by ch. 278, Laws of 1905, and ch. 412, Laws of 1907.    This act was sustained as constitutional by this court prior to the amendment of 1907 in *State ex rel. Ornstine v. Cary,* 126 Wis. 135, 105 N. W. 792, and after that amendment in *Fahringer v. State, ante,* p. 291, 134 N. W. 406, the latter case being decided after the hearing before the court commissioner.    The claim of the petitioner in his proceedings before the court commissioner was that the act was unconstitutional.    It is very evident that in view of the decisions just cited the petitioner had no ground on which to stand.    It would seem that he ought to have been remanded at once by the commissioner on the strength of the *Ornstine Case,* inasmuch as the amendment of 1907 did not affect the questions in the present case.

It is urgently claimed that the circuit court had no jurisdiction to interfere with the action of the court commissioner upon a mere motion, but could only do so by one of the common-law writs by which the power of superintending control is exercised in the orderly course of business, and the case of *Potter v. Frohbach,* 133 Wis. 1, 112 N. W. 1087, is relied on to support the position.    It must be admitted that there is language in the opinion in that case fairly tending to support that view, but the case was decided upon another ground, and the remarks upon the subject in question were intended to be in the nature of general propositions relating to the orderly methods of procedure in such cases, rather than unyielding rules of law.    We say this much here in order to dispel the impression that this court has decided that it will under all circumstances condemn a proceeding by motion in a matter of this kind because the proper formal writ has not been issued. This court is endeavoring to look to substance rather than to mere forms of procedure, and, where it appears that due notice of the motion and due opportunity for defense have been

given, and no substantial rights have been lost, it will probably hesitate long before it will reverse the action of the trial court in such a case,—especially where the right result has been unquestionably reached.

*By the Court.*—The writ is quashed and the proceedings dismissed.