STATE EX REL. SPRITKA, Appellant, vs. PARSONS, County Judge, Respondent.

*January 11—April 8, 1913.*

*Dependent and neglected children: Commitment to state public school: Proceeding before county judge sitting as court: Validity: Constitutional law: Certiorari: Matters reviewable: Appeal.*

1. Proceedings for the commitment of dependent or neglected children to the state public school, which under sec. 573f, Stats., are to be had before the county judge, are valid if had before the county judge sitting as a court.
2. Said statute does not confer judicial powers upon the county judge contrary to sec. 2, art. VII, Const. of Wis.; nor does it violate the provision in amendm. V, Const. of U. S., respecting due process of law.
3. Where commitment proceedings under sec. 573f, Stats., are brought to the circuit court for review on writ of *certiorari*, neither an alleged error in denying an application for a continuance nor the weight or credibility of the evidence in support of the findings of the county judge can be considered, neither of such matters being jurisdictional; nor can they be considered upon an appeal to this court from the judgment of the circuit court.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court for Langlade county affirming an order and judgment of the county judge of Langlade county. The case was brought to the circuit court by writ of *certiorari.* The proceeding was commenced under sec. 573f, Stats. (1898), as amended by ch. 82, Laws of 1907, pertaining to the commitment of neglected and dependent children to the state public school at Sparta. Upon the hearing on the petition in the county court the county judge made written findings of fact and an order certifying and ordering that such children were neglected and dependent upon the public for support and en-

titled to admission to the state public school at Sparta, and that they be taken to said school by proper authorities and admitted therein.   The findings, order, and judgment of the county judge were made in compliance with the statute.

*Oscar Rademaker,* for the appellant.

For the respondent there was a brief by *Henry Hay;* also a brief by the *Attorney General, Russell Jackson,* deputy attorney general, and *W. W. Gilman,* assistant attorney general; and oral argument by *Mr. Gilman.*

The following opinion was filed January 28, 1913:

KERWIN, J.   The questions raised by the assignments of error are (1) whether the county court had jurisdiction; (2) error in denying appellant's motion for postponement of trial and hearing; and (3) that the findings, order, and judgment of the county court as affirmed by the circuit court are neither warranted nor supported by the evidence.

The appellant has favored us with a very exhaustive brief upon the different subjects discussed, but since the points raised have been determined by this court we need not go elsewhere for adjudication.   The proceedings taken are under sec. 573*f*, Stats. (1898), as amended by ch. 82, Laws of 1907, which provides that, before any child shall be sent to the school in question, any relative or friend of such child shall present to the county judge of the county within which said child may be an application in writing, signed by the person presenting it, which shall state that the child named therein is dependent upon the public for support or that said child is neglected, and that it shall be the duty of the petitioner to cause the child named to be brought before such judge for examination as to his alleged dependence.   The law further provides that the judge shall investigate the facts and ascertain whether the child is dependent, its age, the names and residence of its parents, if living, and that the judge may compel the attendance of witnesses, and may re-

22      SUPREME COURT OF WISCONSIN.      [Apr.

State ex rel. Spritka v. Parsons, 153 Wis. 20.

quest the district attorney to attend on such examination, and that it shall be his duty to comply with such request, and that the parents or any friend of the child may appear on its behalf.    The law also provides for examination of the child by a physician, and contains other provisions respecting the proceeding.

It is contended under the first assignment of error that the proceeding was before the county court and that it should have been before the county judge under the law.    It is true the law provides that the proceeding shall be before the county judge, and it is by no means clear from the record that it was not before the county judge.    The record shows that the original petition was addressed to the county judge of Langlade county.    The order committing the children does not appear to be made "by the court," but is simply signed by the county judge.    The writ of *certiorari* is not addressed to the county court of Langlade county, but to *"John W. Parsons,* County Judge of Langlade County."    The petition of the relator for the writ of *certiorari* recites that *John W. Parsons,* a county judge, sitting as a magistrate, rendered the order in question.    So the record seems to show that some of the proceedings were before the county judge and were so understood to be by the appellant.    On the other hand, some parts of the record would indicate that some of the proceedings were before the county court.    But however this may be, we are of the opinion that had the proceedings been before the county judge sitting as a court they would have been valid.

It is settled in this state that the county judge has jurisdiction of such proceedings.    *Wis. Ind. School v. Clark Co.* 103 Wis. 651, 79 N. W. 422.    This case also settles the question that the granting of such power to the county judge is not unconstitutional.    Practically the same points were raised in the *Clark County Case* as by the appellant here and were determined by this court contrary to the appellant's

contention. See *Wis. Ind. School v. Clark Co., supra,* pp. 662–665 inclusive. See also, on this point, 1 Wharton, Crim. Law (11th ed.) ch. XII.

Counsel for appellant also contends that sec. 573*f* of the statute referred to, as amended, violates certain provisions of the constitution respecting due process of law, and that it confers judicial powers upon a county judge contrary to the constitution. On this point we may also add that the questions are not new in this state, but have been determined by this court against the contention of the appellant. *Milwaukee Ind. School v. Milwaukee Co.* 40 Wis. 328; *In re Stittgen,* 110 Wis. 625, 86 N. W. 563; *Wis. Ind. School v. Clark Co.* 103 Wis. 651, 79 N. W. 422; *Guardianship of Klein,* 95 Wis. 246, 70 N. W. 64.

It is further contended that the court erred in denying the appellant's motion for continuance. Under this head quite a lengthy argument is made by counsel for appellant to the effect, as we understand it, that the denial of the motion for continuance was jurisdictional and unconstitutional, on the ground that the appellant was entitled to reasonable notice and an opportunity to be heard, which were denied him. Little need be said upon this subject. Whether error was committed or not in denying the application for continuance cannot be considered here. On *certiorari* the circuit court could only consider jurisdictional matters, and the denial of a postponement does not reach the question of jurisdiction. *Parsons v. Parsons,* 101 Wis. 76, 77 N. W. 147; *Estate of McCormick,* 108 Wis. 234, 84 N. W. 148; *Longstaff v. State,* 120 Wis. 346, 97 N. W. 900; *Milwaukee Ind. School v. Milwaukee Co., supra;* 6 Cyc. 820.

It is also urged as error that the findings and order of the county judge are neither warranted nor supported by the evidence. There is evidence to support the findings made by the county judge. The weight or credibility of this evidence cannot be reviewed on *certiorari.* It is sufficient that the

county judge had jurisdiction to make the findings and order. *Parsons v. Parsons, supra; Longstaff v. State, supra.* It follows that the judgment appealed from must be affirmed.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on April 8, 1913.