STATE EX REL. WINGENTER, Petitioner, vs. CIRCUIT COURT FOR WALWORTH COUNTY and another, Respondents.

*April 15—May 9, 1933.*

The cause was submitted for the petitioner on the brief of *A. W. Schutz* of Milwaukee, and for the respondents on that of *Mistele & Smith* of Jefferson.

WICKHEM, J. The first contention of the respondents is that this is not a case for the exercise of the supervisory power through a writ of prohibition. We deem this contention to be without merit. The issues upon the original writ of *habeas corpus* were fully litigated, and the petitioner vested with control and custody of his minor daughter. It is now proposed to open up these proceedings and to stay them. Petitioner contends that the court is without jurisdiction to do this, and that the stay will result in depriving him, at least for a time, of the custody of his child and thus of the entire fruits of litigation in which he has already been successful. It seems to us that there is sufficient hardship to warrant the intervention of this court, and that an appeal would not be an adequate remedy. *State ex rel. De Puy v. Evans,* 88 Wis. 255, 60 N. W. 433; *Potter v. Frohbach,* 133 Wis. 1, 112 N. W. 1087; *State ex rel. Hustisford L., P. & M. Co. v. Grimm,* 208 Wis. 366, 243 N. W. 763.

An examination of the petition to stay proceedings and hear further evidence, as well as the contentions in respondents' brief, indicate that the petition was an attempt to invoke the power of the trial court during the term at which the order was made, to modify or vacate the order. *Turner v. Nachtsheim,* 71 Wis. 16, 36 N. W. 637. There is no claim that evidence which is material has been newly discovered, nor are there sufficient allegations of mistake, inadvertence, surprise, or excusable neglect; hence the provisions of sec. 269.46, Stats., which vest the court with discretion, at any time within one year after notice of an order,

to relieve a party from such order entered through his mistake, inadvertence, surprise, or excusable neglect, and sec. 270.50, which gives the trial court jurisdiction, providing a motion is made at any time within one year from the verdict or finding, to grant a new trial upon newly-discovered evidence, may be excluded from consideration.

The question being thus narrowed, the answer is not seriously in doubt. The circuit court for Walworth county has two terms, a February and a September term. The decision of the trial court, which the order appealed from sought to stay, was made during the September, 1931, term, if the written decision heretofore summarized in the statement of facts be considered to be the judicial act. It is considered that it did constitute the judicial act. It recites that the petition of the father *is* granted and that the respondents *are* directed *forthwith* to relinquish and surrender custody of the child to the father. It falls within the principle stated in *Comstock v. Boyle,* 134 Wis. 613, 114 N. W. 1110, that "if the court pronounces judgment from the bench, and all that remains to be done is the clerical duty of reducing the judgment to writing or entering the same, or both, the judicial act is complete." While formal findings were filed on the 10th of March, 1932, the preliminary recital reads as follows:

"At the regular September term of the circuit court in and for Walworth county, held at the court house, in the city of Elkhorn, county of Walworth and state of Wisconsin, commencing on the 21st day of September, A. D. 1931, and on the 23d day of September, A. D. 1931, of said Term. Present: Honorable E. B. BELDEN, Circuit Judge, Presiding."

The findings filed are thus made to relate back to the date upon which the written decision of the court was made and filed, and this further fortifies the conclusion that the judicial act was complete on that date. It follows that the order

of September 15, 1932, staying proceedings and ordering a further hearing was made after the term and at a time when the court no longer had jurisdiction to modify or vacate the order unless a showing was made which would bring the case within the operation of sec. 269.46 or 270.50, Stats. It follows that the court was without jurisdiction, and that the petitioner is entitled to the writ.

*By the Court.*—Let the writ issue.