RICHARD C. KELLY, District Attorney, Juneau County
You have requested an opinion on the following question:
 On cross examination, can the District Attorney impeach a defendant's testimony by asking the defendant whether or not he has previously been convicted of a criminal offense?
Under the law as it was before January 1, 1974, the answer to the question would have been an unqualified yes, but under the new Evidence Code promulgated by the Supreme Court the rule is now changed. Rule (sec.) 906.09 (59 Wis.2d R176) effective January 1, 1974, provides:
"906.09 Impeachment by evidence of conviction of crime.
 "(1) GENERAL RULE. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a *Page 425 
crime is admissible. The party cross-examining him is not concluded by his answer.
 "(2) EXCLUSION. Evidence of a conviction of a crime may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.
 "(3) ADMISSIBILITY OF CONVICTION. No question inquiring with respect to conviction of a crime, nor introduction of evidence with respect thereto shall be permitted until the judge determines pursuant to s. 901.04 whether the evidence should be excluded.
 "(4) JUVENILE ADJUDICATIONS. Evidence of juvenile adjudications is not admissible under this rule.
 "(5) PENDENCY OF APPEAL. The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible."
The former rule in Wisconsin limited the state to showing that the witness had been convicted and the number of convictions, and did not permit disclosure of the nature of the offense, on cross-examination of the witness. State v. Adams (1950), 257 Wis. 433,43 N.W.2d 446; State v. Ketchum (1953), 263 Wis. 82, 87,56 N.W.2d 531.
The purpose was to prevent the jury from learning that the defendant had previously been convicted of the same or similar crimes, a prejudicial fact. But the effect was to prevent the jury from assessing the impeaching quality of the prior convictions; conviction for perjury or a crime involving fraud or deception reflects more upon the veracity of the witness than one for, e.g., negligent homicide or violation of the game laws. Thus to avoid prejudice in a few cases, the former Wisconsin rule very nearly threw the baby out with the bath water. It was, in the modern expression, "overbroad."
The new rule permits proof of the nature of the offense. The matter of prejudice is taken care of by sec. 906.09 (2), which provides for exclusion of the evidence of the conviction if its probative value (for impeachment) is substantially outweighed by the danger of unfair prejudice. Thus evidence of prior conviction is brought *Page 426 
within the general rule of relevance applicable to all evidence stated in Rule (sec.) 904.03 (59 Wis.2d R73). See Whitty v.State (1967), 34 Wis.2d 278, 294, 149 N.W.2d 557; State v.Hutnik (1968), 39 Wis.2d 754, 763-764, 159 N.W.2d 733.
In order to insure that convictions which are excludable under the foregoing principle will not be unfairly suggested to the jury before the court has had an opportunity to rule, Rule (sec.)906.09 (3), prohibits the asking of any question regarding conviction of a crime (or the introduction of evidence with respect thereto) until the judge has decided the question of exclusion pursuant to Rule (sec.) 901.04 (59 Wis.2d R14-R15) which provides:
"901.04 Preliminary questions.
 "(1) QUESTION OF ADMISSIBILITY GENERALLY. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the judge, subject to sub. (2). In making his determination he is bound by the rules of evidence only with respect to privileges.
 "(2) RELEVANCY CONDITIONED ON FACT. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the judge shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.
 "(3) HEARING OF JURY. Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice require.
 "(4) TESTIMONY BY ACCUSED. The accused does not, by testifying upon a preliminary matter, subject himself to cross-examination as to other issues in the case.
 "(5) WEIGHT AND CREDIBILITY. This section does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility."
It follows that while the defendant may be cross-examined regarding prior convictions, he may not be so cross-examined until there has been a 901.04 hearing on the admissibility of his prior *Page 427 
conviction or convictions. If the court has ruled that some are admissible and others inadmissible, he may be examined regarding only those ruled admissible.
There need be no surprise to the defense in this regard since sec. 971.23 (2), Stats., relating to discovery in criminal cases, requires the district attorney to furnish a defendant a copy of his criminal record upon demand. The defendant may therefore be prepared to contest the admissibility of any prior convictions which the state may intend to use to impeach him as a witness.
Your letter, however, raises further questions stemming fromLoper v. Beto (1972), 405 U.S. 473, 92 S.Ct. 1014,31 L.Ed.2d 374, which may be phrased as follows:
 Is the rule of Loper v. Beto, supra, limited to cases of denial of counsel or does it extend to denial of other constitutional rights as well, and must the state prove beyond a reasonable doubt that the prior conviction contains no constitutional infirmities?
In a five-to-four decision, the Supreme Court ruled in Loper v.Beto that a conviction obtained in an action in which the defendant was denied his constitutional right to counsel cannot be used to impeach him as a witness in a later case.
The defendant in that case admitted four previous felony convictions during the course of questioning, the purpose of which was to impeach his credibility. The four member plurality of the court appeared satisfied that he was without counsel in the prior cases, although this point was disputed by the dissenters.
All four of these convictions were obtained during the period following the decision in Betts v. Brady (1942), 316 U.S. 455,62 S.Ct. 1252, 86 L.Ed. 1595, prior to Gideon v. Wainwright (1963),372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733. The court's view of those convictions made use of a retroactive application of Gideon which deeply encroaches upon the presumption of regularity discussed below.
Mr. Justice White, concurring in the result, held that the questions whether Loper was represented by counsel in the earlier cases, and if *Page 428 
not, whether he waived counsel, remained open and should be considered by the Court of Appeals on remand.
All four dissenting justices joined in the dissent of Mr. Justice Rehnquist, who was of the opinion that the petitioner had not met his burden of proof to establish that he did not competently and intelligently waive his constitutional right to the assistance of counsel (405 U.S. at 499.).
The court had previously held that a conviction obtained in violation of the defendant's right to counsel could not be used to enhance his punishment under a recidivist statute, Burgett v.Texas (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. This case was very heavily relied on by the plurality in Loper as was the more recent case of United States v. Tucker (1972), 404 U.S. 443,92 S.Ct. 589, 30 L.Ed.2d 592. In Tucker, two prior convictions obtained in violation of the constitutional right to counsel were considered by the judge in imposing a maximum sentence for the present conviction. This conviction was remanded for resentencing without consideration of the prior convictions by the court of appeals, whose judgment was affirmed by the Supreme Court. (In Tucker the invalidity of the two prior convictions was conclusively determined several years after the sentencing, in a collateral proceeding in a state court. The case before the United States Supreme Court arose out of a28 U.S.C. sec. 2255 proceeding (post-conviction collateral attack) initiated after the state court proceedings. The state court's determination was thus given retroactive effect to invalidate a sentence long previously imposed in a federal court.)
In Stockwell v. State (1973), 59 Wis.2d 21, 207 N.W.2d 883, the Wisconsin Supreme Court followed Tucker and applied it to a pre-Gault adjudication of delinquency in which the juvenile had been denied the right to counsel, overruling earlier Wisconsin cases holding that such adjudications might be considered in imposing sentence in later adult convictions.
All these cases involve the right to counsel only. Neither the Wisconsin Supreme Court nor the United States Supreme Court has suggested that the court must consider whether other
constitutional rights have been denied in deciding whether a conviction is admissible to impeach a defendant as a witness. For reasons which will be *Page 429 
discussed below it seems improbable that such an inquiry will be required.
Of course, if a conviction has previously been reversed on appeal or vacated in post-conviction collateral proceedings it may not be used for impeachment purposes. This will be true no matter what the grounds for reversal or collateral attack were.
But so long as the judgment of conviction remains unreversed and has not been vacated in collateral proceedings it is entitled to the presumption of regularity and correctness applicable to all judgments of courts of record. In 29 Am. Jur. 2d 211 — Ev. sec. 170 it is stated in part:
 "Under the law of evidence, it is presumed, unless the contrary appears, that judicial acts and duties have been duly and regularly performed, the presumption of regularity attending the acts of public officers being applicable to judges and courts and their officers, and to justices of the peace. Thus, on the review of a lower court decision by a higher court, all reasonable presumptions and intendments consistent with the record will be indulged in favor of the validity of the judgment or decision under review, and of the regularity and legality of the proceedings below; every presumption consistent with the record is in favor of the correctness of the decision of the trial court. The same principles apply whenever a judicial proceeding or a judgment or decree rendered therein becomes a factor in the trial of another case. The familiar maxim `omnia praesumuntur rite et solemniter esse acta' [All things are presumed to have been rightly and duly performed.] is given full application whenever a judgment or decree of another court of either general or special jurisdiction comes into question. The court rendering the judgment is presumed to have had jurisdiction of the subject matter and the parties, and to have rendered a judgment valid in every respect. However, jurisdiction to render a judgment in a particular case or against particular persons may not be presumed where the record itself shows that jurisdiction has not been acquired, or where there is something in the record showing the absence of jurisdiction." (Bracketed material supplied.) *Page 430 
The foregoing rule has been recognized in this state from the earliest times to the present. Jackson v. Astor (1841), 1 Pinney 137; Merritt v. Baldwin (1857), 6 Wis. *439, *443; Tallman v. Ely
(1858), 6 Wis. *244, *259; Ableman v. Roth (1860), 12 Wis. *81, *90; Bunker v. Rand (1865), 19 Wis. *253, *260; Tarbox v. French
(1871), 27 Wis. 651, 654; Oakes v. The Estate of Buckley (1880),49 Wis. 592, 598, 599, 6 N.W. 321; In re Estate of McCormick
(1900), 108 Wis. 234, 238, 84 N.W. 148; State ex rel. La Follettev. Circuit Court (1967), 37 Wis.2d 329, 344, 155 N.W.2d 141.
It has also been applied by the United States Supreme Court. InRe Cuddy (1889), 131 U.S. 280, 33 L.Ed. 154, 9 S.Ct. 703; Johnsonv. Zerbst (1938), 304 U.S. 458, 468, 469, 58 S.Ct. 1019,82 L.Ed. 1461, 1468, 1469, 146 A.L.R. 357.
Accordingly, on collateral attack it is recognized that the petitioner has the burden of showing the invalidity of the judgment. Johnson v. Zerbst, supra; Kitchens v. Smith (1971),401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519; 39 Am. Jur. 2d 284-285 — Hab. Corp. sec. 152, 146 A.L.R. 413. The Wisconsin Supreme Court has not had occasion to pass on this question directly, but inState ex rel. Kohl v. Kubiak (1949), 255 Wis. 186, 38 N.W.2d 499, a habeas corpus attack on an extradition warrant, it was held that the petitioner had the burden of proof to overcome the presumption arising from the face of the governor's warrant.
By parity of reasoning, a defendant claiming the invalidity of a conviction sought to be used to impeach him must likewise assume the burden of proof. This is recognized by the dissenters in Loper v. Beto, supra, 405 U.S. at 499.
If the prior conviction was in Wisconsin, the judgment or certificate of conviction will generally disclose whether or not the petitioner was represented by counsel. If it does show representation, that should be sufficient to end the matter. If it does not, two questions must be asked: (1) Was the defendant able to retain counsel at his own expense, so that his lack of representation was by his own choice and (2) if he was indigent, did he effectively waive appointment of counsel?
Since the enactment of ch. 448, Laws of 1945, Wisconsin courts in felony cases, and more recently in all cases where required by the *Page 431 
Constitution, have been required to advise unrepresented defendants of their right to counsel, and that counsel will be appointed at public expense if they are financially unable to retain an attorney. See Stats. 1967, sec. 957.26 (1), and Stats. 1971, sec. 970.02 (1) (b). The presumption of regularity referred to above requires that in the absence of a showing to the contrary, it must be presumed that the court performed its statutory duty and that counsel was voluntarily and intelligently waived.
Moreover, the requirement of proof beyond a reasonable doubt applies only to the essential elements of the crime. McCormick,Evidence (2d Ed. 1972), page 799; In Re Winship (1970), 397 U.S. 358,364, 90 S.Ct. 1068, 25 L.Ed.2d 368.
It is true that the Wisconsin Supreme Court has imposed the duty on the state of proving voluntariness of confessions beyond a reasonable doubt, State ex rel. Goodchild v. Burke (1965),27 Wis.2d 244, 264-265, 133 N.W.2d 753, cert. den. 384 U.S. 1017, although ordinarily there is no such burden to establish the admissibility of evidence. But the state is not aided by any presumption that the confession of a person accused of crime is voluntary or was obtained in accordance with the Miranda rules. On the contrary, there is a presumption in favor of the regularity of judgments of conviction.
The Wisconsin court has wavered on the placement of burden of proof in search and seizure questions. In Gray v. State (1943),243 Wis. 57, 9 N.W.2d 68, it was held that the defendant had the burden of establishing that evidence was unconstitutionally seized. But the court later held that the state had the burden to prove that consent to search was voluntarily given, Barnes v.State (1964), 25 Wis.2d 116, 130 N.W.2d 264, by clear and positive evidence, State v. Camara (1965), 28 Wis.2d 365,137 N.W.2d 1.
However, the burden to show denial of constitutional right is on the petitioner on motion for leave to withdraw a plea of guilty. Creighbaum v. State (1967), 35 Wis.2d 17, 29,150 N.W.2d 494.
Both the Wisconsin Evidence Rule (sec.) 906.09 (5), quoted above, and the Proposed Federal Evidence Rule 609 (e) (41 Law Week 4028) submitted to Congress by the United States Supreme Court November 20, 1972, adopt the majority view (see *Page 432 
16 A.L.R. 3d 726) that the pendency of an appeal from a conviction does not render evidence thereof inadmissible for impeachment. The Federal note (59 Wis.2d R184) states that this is based on the presumption:
 "Sub. (e). The presumption of correctness which ought to attend judicial proceedings supports the position that pendency of an appeal does not preclude use of a conviction for impeachment."
The presumption of regularity which the rule itself thus clearly recognizes is quite inconsistent with any requirement that the validity of the judgment be established by the state beyond a reasonable doubt. The burden is the other way.
Finally, it appears most improbable that the Supreme Court will extend the rule of Loper v. Beto, supra, to other constitutional rights. Lower courts are not warranted in assuming that the rule does so apply.
Although the court in Loper painted with a broad brush in stating the issue on certiorari (405 U.S. at 480), its actual decision is limited to convictions void for denial of counsel in violation of Gideon v. Wainwright (1963), 372 U.S. 335,83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733, relying heavily on the theory that "[t]he absence of counsel impairs the reliability of such convictions" (405 U.S. 483) and "that the principle established in Gideon goes to `the very integrity of the fact-finding process' in criminal trials" (405 U.S. 483-484). It was for that reason also that Gideon received retroactive application. Linkletter v. Walker (1965), 381 U.S. 618, 639,85 S.Ct. 1731, 14 L.Ed.2d 601, 614.
In contrast, at least some other constitutional rights, such as that against unreasonable searches and seizures and the Miranda
rule, are not essentially necessary to the integrity of the fact-finding process. Linkletter v. Walker, supra, at 637; Johnson v.New Jersey (1966), 384 U.S. 719, 730, 86 S.Ct. 1772,16 L.Ed.2d 882. See also Tehan v. Shott (1966), 382 U.S. 406, 415,86 S.Ct. 459, 15 L.Ed.2d 453.
And in cases on review of alleged constitutional errors other than representation by or waiver of counsel, it is always necessary to search the record to determine questions of waiver and harmless error as well as whether the error even occurred. While nearly all of these cases are without merit, it is very time consuming to make the record *Page 433 
on which the issues can be determined. To permit such issues to be injected collaterally into another trial in a hearing on admissibility of the conviction to impeach a witness would be like delaying an airline flight with the passengers aboard and seatbelts fastened, to hold a hearing on whether the pilot correctly answered the questions on his written examination for his pilot's license many years earlier.
As shown earlier, both the United States Supreme Court and the Wisconsin Supreme Court have provided in the evidence rules that pendency of an appeal does not exclude the conviction. It is most improbable that the United States Supreme Court intended a complicated collateral attack on the conviction, a full-scale lawsuit in itself, to be injected into the trial when even the pendency of an appeal is insufficient.
RWW:WAP